156 N.J. Super. 513 (1978)
384 A.2d 176
RAYBESTOS-MANHATTAN, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SIDNEY GLASER ET AL., DEFENDANTS-APPELLANTS AND JOHN LEOGRANDE ET AL., INTERVENING DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 4, 1978.
Decided March 1, 1978.
Before Judges LORA, SEIDMAN and MILMED.
*514 Mr. Michael E. Goldman, Deputy Attorney General, argued the cause for defendants-appellants (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
Mr. Pat Di Ianni argued the cause for intervening defendants-appellants (Mr. Steven M. Gilson, on the brief).
Mr. Robert P. Hazlehurst, Jr. argued the cause for respondent (Messrs. Pitney, Hardin and Kipp, attorneys; Mr. S. Joseph Fortunato on the brief; Messrs. Milbank, Tweed, Hadley and McCloy, members of the New York Bar, of counsel).
PER CURIAM.
We affirm substantially for the reasons expressed in the comprehensive opinion of Judge Lenox reported at 144 N.J. Super. 152 (Ch. Div. 1976).
Additionally, we question whether the Legislature, in the guise of taxation, may take from an employer made subject thereto by the statute an amount equal to "the total amount of nonvested pension benefits of such employees of the employer who have completed 15 years of covered service * * * and whose nonvested pension benefits have been or will be forfeited because of such termination of employment * * *," and then cause the moneys to be distributed to each eligible employee making claim thereto, in the amount of the current value of the benefits to which each would be entitled.
While The Private Nonvested Pension Benefits Protection Tax Act, L. 1973, c. 124 (the "act") does not by its terms specifically establish a "dedicated fund" in the sense that the monies collected under the act are required to be held separate and apart from the general revenues of the State and dedicated to a specific purpose, it is obvious that the Legislature intended the monies collected from an employer to be used to pay the "nonvested pension benefits" to his employees. This intention is evidenced by § 8 of the act *515 which provides that each such employee shall be entitled to make a claim for an immediate payment of the current value of his nonvested pension benefits or a deferred pension benefit and to receive such payment or benefit in accordance with the rules and regulations promulgated by the Commissioner of Labor and Industry.
Under the act the tax is "equal to the total amount of nonvested pension benefits" which employees will lose upon the closing of their employer's place of business (§ 3).
The Statement accompanying the Senate Committee's version of the bill says:
The revenues collected from the tax would be paid to employees to the extent of their nonvested pension rights in accordance with rules and regulations promulgated by the Commissioner of Labor and Industry.
In view of the foregoing, it appears there is merit to respondent's assertion that the intent of the act is to require the employer to provide for each employee exactly what he would have received if he had qualified for a pension under the terms of the employer's pension plan, and that the role of the State is simply that of a fiscal intermediary.
Respondent's argument that the act which expired on July 1, 1975 is not a tax in that it does not raise money for general revenue purposes or a public purpose, its sole purpose being to provide specific employees with funds equivalent to their nonvested pension benefits, with the Director of Taxation serving merely as a conduit of monies secured from the respondent employer for the individual benefit of its employees, is persuasive. 71 Am. Jur.2d Taxation, § 3, p. 345, § 44, at 373-374, § 48, at 375. United States v. Butler, 297 U.S. 1, 61, 56 S.Ct. 312, 317, 80 L.Ed. 477, 485 (1936); Tide-Water Co. v. Coster, 18 N.J. Eq. 518, 523 (E. & A. 1866); Roe v. Kervick, 42 N.J. 191, 207 (1964).
*516 Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245 (1937), in which the validity of a tax assessed against employers to subsidize an unemployment compensation fund was upheld, and cited by the intervenors in support of their position that the act is a tax with a public purpose analogous to the Unemployment Compensation Law, is distinguishable.
Moreover, as pointed out in respondent's brief, the monies here involved are exacted and appropriated in one step, with the result that the revenues derived therefrom never bcome available for the support of the government. Unlike the Unemployment Compensation Law, N.J.S.A. 43:21-1 et seq., under which an employer's contributions go into a fund used to provide benefits for all qualifying persons in the State, the monies here sought to be obtained from the respondent employer will be paid over to its former employees alone thereby imbuing the Act with the attributes of an act private in nature. Tidewater Co. v. Coster, supra.
We also note in passing, although we deem it unnecessary to decide the issue, some reservation as to the act's constituting a legitimate exercise of the police power in light of respondent's contention that the tax cannot be sustained on that theory because "having been imposed for the benefit of a narrowly constricted class of individuals and having at most a merely incidental or collateral effect on the public welfare, it fails to meet the stringent public purpose test applicable to exercise of the police power."
Affirmed.