ANDREW, J. T. C.
This case arises under the New Jersey Gross Income Tax Act, N.J.S.A. 54A:11 et seq. Specifically, it involves the computation of the “resident credit” authorized by N.J.S.A. 54A:4 1. This credit is available to New Jersey residents for any income tax or wage tax imposed by another state with respect to income which is also subject to tax by New Jersey. The matter is before the court on defendant’s motion for summary judgment. Plaintiff also seeks a ruling based solely on the papers submitted, without the necessity for oral argument or plenary hearing.
*472 The undisputed facts follow. In 1976[1] plaintiffs had income from wages of $22,639.41 and income from the sale of property of $13,393.60 that was subject to tax by both New York and New Jersey. The total of $36,033.01 was reported by plaintiffs on their 1976 New Jersey Gross Income Tax Resident Return as income subject to tax by other jurisdictions, and used in computing the resident credit. Part VI of the return provides for computation of the credit as follows:
62. Income subject to tax by other 62. jurisdiction(s) after July 1, 1976
63. Income subject to tax by New Jersey 63.
64. Maximum allowable credit 64. (Divide Line 63 into Line 62)
(62)_ _
(63) (New Jersey Tax)
Pursuant to these instructions, plaintiffs arrived at a credit of $775.12 as follows: $36,033.01 (income subject to tax by other jurisdictions) divided by $53,744.71 (income subject to tax by New Jersey), multiplied by $1,156.12 (New Jersey tax due).
The only area of dispute is the proper amount to be attributed to “income subject to tax by other jurisdictions.” The parties disagree on the treatment of the capital gain of $13,393.60 that plaintiffs realized from the sale of real property located in New York. According to New York law, plaintiffs were entitled to deduct 40% of the capital gain in their computation, of taxable income for New York income tax purposes. Defendant asserts that only 60% of the capital gain, the amount included in plaintiffs’ New York taxable income, should be used in computing the resident credit. Defendant therefore maintains that $5,357.44 (40% of the $13,393.60 capital gain) should be subtract *473 ed from plaintiffs’ “income subject to tax by other jurisdictions,” resulting in a credit of $658.99:
$30,675.57 x $1,156.12 = $658.99[2]
$53,744.71
Defendant determined that plaintiffs underpaid their income tax by $116.13, and imposed and a penalty of $5.81 and interest to July 31, 1979 of $24.01, for a total deficiency of $145.95.
Plaintiffs do not dispute the fact that only 60% of the capital gain was taxed by New York. However, they maintain that the entire gain was “subject to tax” by New York and the resident credit formula calls for “income subject to tax by other jurisdictions” in the numerator of the fraction, not net taxable income. Since the entire capital gain was “subject to tax” by New York, plaintiffs assert that the entire gain should be used in the computation of the credit.
N.J.S.A. 54A:4 1 authorizes the resident credit. It provides in part:
(a) A resident taxpayer shall be allowed a credit against the tax otherwise due under this act for the amount of any income tax or wage tax imposed for the taxable year by another state of the United States or political subdivision of such state, or by the District of Columbia, with respect to income which is also subject to tax under this Act.
(b) The credit provided under this section shall not exceed the proportion of the tax otherwise due under this act that the amount of the taxpayer’s income subject to tax by the other jurisdiction bears to his entire New Jersey income.
The defendant relies upon an administrative regulation promulgated by the Director of the Division of Taxation. The Director was given the authority to issue such rules and regulations as he deemed necessary to enforce the provisions of the Gross Income Tax Act. N.J.S.A. 54A:9 17.
*474 On October 26, 1979 N.J.A.C. 18:35-1.12 became effective to govern the computation of the resident credit. Subsection (a)(4) of the regulation provides in part:
i. Income subject to tax by the other jurisdiction means those categories of income which are taxed by another jurisdiction before the allowance for personal exemptions and standard and/or other itemized deductions and which are also subject to tax under the New Jersey Gross Income Tax Act.
iii. Adjustment must be made:
(1) In the numerator, for taxpayers who claim credit for income in the numerator which has been only partially taxed by the other jurisdiction....
Subsection (a)(7) provides
Instruction for line 62: Do not include on this line any income which has been excluded or deducted from the taxable gross income of other jurisdiction(s) or which has not been taxed by other jurisdiction(s). Example: If a portion of long-term capital gains are excluded from such taxable income, such excluded portion may not be included in line 62.
Subsection (a)(5) provides a sample computation of the credit involving a $20,000 capital gain subject to tax by New York State, $12,000 of which was excluded from taxation by New York. Only the $8,000 actually taxed by New York is included as income subject to tax by other jurisdictions.
The regulation addresses the precise situation involved in this case, and it provides for computation of the resident credit in the manner advanced by defendant. Unless the regulation is for some reason invalid, or should not apply in this proceeding, defendant must prevail.
Our Supreme Court recently had cause to examine the standards applicable to judicial review of the validity of regulations promulgated by an administrative agency. In New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 384 A.2d 795 (1978), the court reaffirmed the following principles: (1) administrative rulemaking does not require specific findings of fact based on evidence adduced at public hearings; supporting factual bases are presumed until rebutted by the party attacking the administrative action; (2) administrative regulations are accorded a presumption of reasonableness, with the burden on the attacking party to demonstrate that they are arbitrary, capri *475 cious, unduly onerous or otherwise unreasonable; (8) administrative regulations must be within the fair contemplation of the delegation of the enabling statute; (4) the grant of authority to an administrative agency is to be liberally construed in order to enable the agency to accomplish its statutory responsibilities; courts should readily imply such incidental powers as are necessary to effectuate fully the legislative intent; (5) courts are not free to substitute their judgment as to the wisdom of a particular administrative action for that of the agency so long as that action is statutorily authorized and not otherwise defective because arbitrary or unreasonable. Id. at 560-563, 384 A.2d 795.
It is with these basic tenets in mind that this court reviews the present controversy. Plaintiffs attack the regulation on several grounds. Their initial contention is that the regulation effectively makes new law unauthorized by the enabling legislation. I am satisfied that the Director has not exceeded his authority in the promulgation of N.J.A.C. 18:35-1.12. The gross income tax legislation provided that a credit shall be allowed for the amount of income or wage tax imposed by another state with respect to income which is also subject to tax by this state. N.J.S.A. 54A:4-l(a). The design of the statute obviously is to avoid taxation of the same income by more than one state. The regulation promulgated by the Director does no violence to the legislative purpose. Plaintiffs are not subjected to double taxation by the operation of a rule that limits the resident credit to an amount that reflects only that income actually taxed by other jurisdictions.
Plaintiffs rely primarily on the apparent inconsistency of language on lines 62 and 63 of the New Jersey return as interpreted by defendant. Those lines refer to “income subject to tax” by other jurisdictions (New York herein) and by New Jersey, respectively, yet defendant’s regulations construe them differently. Plaintiffs’ attack on this language rests solely on *476 its linguistic inconsistency. It is not supported by any independent authority.[3]
As defendant points out, a reasonable explanation exists for his construction of lines 62 and 63. New York’s income tax differs from that in New Jersey in that it is a “net income” tax similar in design to that of the federal income tax. New Jersey’s tax, however, is on gross income, reduced only by certain limited deductions and credits. “Income subject to tax” therefore can logically refer to two different things when applied to New York and New Jersey.
Plaintiffs may well be correct in their assertion that the New Jersey tax return and instruction sheet do not clearly guide the taxpayer to compute the resident credit in the manner provided in defendant’s regulations. However, the burden facing plaintiffs in this matter must be kept in mind. They have not offered any authority, other than their own personal reaction to the tax return instructions, that would indicate that the Director has created a rule that is out of harmony with the statute. See Manhattan Gen’l Equipment Co. v. Commissioner of Internal Revenue, 297 U.S. 129, 134, 56 S.Ct. 397, 399, 80 L.Ed. 528 (1936). Plaintiffs have not overcome the presumption of reasonableness that attaches to all administrative regulations. They have not adequately demonstrated that the regulation is arbitrary, capricious, unduly onerous or otherwise unreasonable. New Jersey Guild of Hearing Aid Dispensers, supra. No matter how inartful the language employed on the tax return form may be, it must give way to the dictates of the authorizing legislation and the implementing rules and regulations. I find that the regulation is within the fair contemplation of the delegation of the enabling legislation, and that the presumption of correctness to which it is entitled has not been overcome.
*477 Plaintiffs also complain of the retroactive operation of the regulation. They cite Helvering v. R. J. Reynolds Tobacco Co., 306 U.S. 110, 59 S.Ct. 423, 83 L.Ed. 536 (1939), for the proposition that regulations may not be retroactively applied when a taxpayer has made a reasonable interpretation of the law previously in effect. That case is inapposite to the current proceeding. There the taxpayer, in the computation of its income tax, had relied upon a Treasury regulation that was in effect during the taxable period at issue. The Commissioner of Internal Revenue sought the application of a subsequently adopted amendment of the regulation. The Supreme Court’s decision not to apply the amended regulation retroactively rested on the fact that Congress had reenacted successive revenue acts since the promulgation of the original regulation, thereby approving the administrative construction and giving it the force of law. Under those circumstances the court concluded that Congress did not intend to authorize the Treasury to repeal the rule of law that existed during the period for which the tax was imposed. That special set of circumstances is not present herein.
In Helvering v. Reynolds, 313 U.S. 428, 61 S.Ct. 971, 85 L.Ed. 1438 (1941), the taxpayer sought to avoid the retroactive application of a Treasury regulation, relying on Helvering v. R. J. Reynolds Tobacco Co., supra. In that case, as here, no regulation was in force at the time of the taxable transaction. The regulation was promulgated under the very act which determined the taxpayer’s liability. The court concluded that “the fact that the regulation was not promulgated until after the transactions in question had been consummated is immaterial.” 313 U.S. at 433, 61 S.Ct. at 974. In Manhattan General Equipment Co., supra, the court applied an amended regulation retroactively, finding that the regulation as originally drafted went contrary to the intent of the statute. An administrative regulation, stated the court, “does not, and could not, alter the statute. It is no more retroactive in its operation than is a judicial *478 determination construing and applying a statute to a case at hand.” 297 U.S. at 135, 56 S.Ct. at 400.
In some circumstances courts have found that administrative regulations should not be given retroactive effect, relying on, among others, the following factors: (1) comparison of the public interest with the private interest that would be overturned; (2) whether, and if so, how, the conduct of the taxpayer would have differed if the rule were in effect; (3) the extent of reliance on the former rule and the burden that would be suffered if that reliance were frustrated. See Daughters of Miriam Center for the Aged v. Mathews, 590 F.2d 1250 (3 Cir. 1978); Essential Communication Systems, Inc. v. American Tel. & Tel. Co., 446 F.Supp. 1090 (D.N.J.1978), rev’d on other grounds, 610 F.2d 1114 (3 Cir. 1979). None of these considerations compel such a finding here. Plaintiffs will suffer no loss other than that of tax dollars plus interest and penalty by an adverse decision. They have not asserted that they would have conducted their affairs any differently in 1976 had they been aware of the operation of N.J.A.C. 18:35-1.12 at that time. In addition, they cannot claim reliance on any statute or regulation. There was no published interpretation of the phrase “income subject to tax” in N.J.S.A. 54A:4-1 prior to the issuance of the regulation in 1979.
I find that the application of N.J.A.C. 18:35-1.12 to plaintiffs’ 1976 gross income tax return is proper.
Faced with the 1976 tax return form and instruction booklet, plaintiffs could reasonably have computed the resident credit in the manner they utilized. However, their construction squarely conflicts with the Director’s regulations. For the reasons set forth above, I find that plaintiffs have not met their burden of overcoming the presumption of correctness attaching to the regulation. Defendant, therefore, is entitled to summary judgment in this matter and his motion is hereby granted. The Clerk of the Tax Court is directed to enter an appropriate judgment.

The Gross Income Tax Act took effect immediately upon enactment on July 8, 1976, and applied to items of income, deduction, loss or gain earned or incurred on or after July 1, 1976. N.J.S.A. 54A:9-27.

The Division of Taxation rounded off the fraction produced by dividing $30,675.57 by $53,744.71, thus reducing the credit from $659.87 to $658.99.

Plaintiffs refer to the instructions for completion of their 1976 New York State Non-Resident Income Tax Return. These instructions do not assist this court in the interpretation of New Jersey law.