4 N.J. Tax 127 (1982)
GEORGE P. AND MARIAN O. JENKINS, PLAINTIFFS,
v.
TAXATION DIVISION DIRECTOR, DEFENDANT.
Tax Court of New Jersey.
January 6, 1982.
*130 Richard A. Carbone for plaintiff (Stryker, Tams & Dill, attorneys).
Mary R. Hamill for defendant (John J. Degnan, Attorney General of New Jersey, attorney).
*131 LASSER, P.J.T.C.
This case involves cross-motions for summary judgment and arises under the New Jersey Gross Income Tax Act. At issue is the calculation of the credit for tax paid to another state or political subdivision of such state under N.J.S.A. 54A:4-1 for the year 1977.
During 1977 taxpayer George P. Jenkins was a resident of New Jersey and was employed in the City of New York. As such, he was subject to New Jersey gross income tax, New York State personal income tax and New York City earnings tax. In 1977 taxpayer paid a tax of $33,784 to the State of New York and a tax of $1,080 to the City of New York.
Taxpayer reported 1977 New Jersey gross income of $447,552 and New Jersey tax liability of $10,988. Taxpayer claimed a credit of $7,174 on the New Jersey return for income tax paid to New York State and New York City. Taxpayer arrived at this figure by separately calculating the credit for income tax paid to New York State and income tax paid to New York City, and claiming the total of the two as credit against New Jersey gross income tax. N.J.S.A. 54A:4-1(b) limits the credit to that proportion of the New Jersey tax that the out-of-state income bears to the New Jersey income. Thus, the credit for New York State tax was computed by taxpayer as follows:

 (New York State income
 $248,191 subject to tax) x $10,988 (New Jersey = $6,094 (New York State
 $447,552 (New Jersey gross income) tax) tax credit)

A similar calculation by taxpayer to determine the credit for New York City tax resulted in a credit of $1,080, the calculated credit exceeding the actual New York City tax paid. By adding the two figures taxpayer arrived at a total tax credit of $7,174 ($6,094 + $1,080).
The Director contends that taxpayer is entitled to only one credit and may not combine a credit for the New York State tax with a credit for the New York City tax. The Director argues *132 that the maximum allowable credit under the statute cannot exceed $6,151.[1] The amount of tax liability at issue is thus $1,023 ($7,174 minus $6,151).
Taxpayer argues that the statutory language, which allows a credit for income tax paid to "another state or political subdivision of such state", means that credit must be allowed for tax paid both to New York State and New York City.
N.J.S.A. 54A:4-1 provides in pertinent part:
(a) A resident taxpayer shall be allowed a credit against the tax otherwise due under this act for the amount of any income tax or wage tax imposed for the taxable year by another state of the United States or political subdivision of such state, or by the District of Columbia, with respect to income which is also subject to tax under this act.
(b) The credit provided under this section shall not exceed the proportion of the tax otherwise due under this act that the amount of the taxpayer's income subject to tax by the other jurisdiction bears to his entire New Jersey income. [Emphasis supplied]
Taxpayer argues that the word "or" in N.J.S.A. 54A:4-1(a) in the phrase "by another state of the United States or political subdivision of such state" is conjunctive, not disjunctive. Taxpayer contends that the word "or" can be used interchangeably with "and," if consistent with legislative intent, citing in support Red Bank Ed. Ass'n v. Red Bank High Bd. of Ed., 151 N.J. Super. 435, 376 A.2d 1325 (App.Div. 1977).
N.J.S.A. 54A:4-1 is interpreted in N.J.A.C. 18:35-1.12. Section 1.12 gives an example of the maximum tax credit allowable for tax paid to another jurisdiction. In this example a New Jersey resident who pays both New York City and New York State tax on his New York source income is only entitled to a credit for tax paid to New York State. Taxpayer argues that the example is inconsistent with legislative intent and thus invalid.
Taxpayer also contends that the Director's denial of the resident credit for the amount of New York City earnings tax paid constitutes invidious discrimination, in violation of the *133 Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Art. I, par. 1, of the New Jersey Constitution. Additionally, taxpayer claims that under N.J.S.A. 54:8A-119 he has no obligation to pay New Jersey gross income tax because his Emergency Transportation Tax Act liability exceeds his liability under the New Jersey Gross Income Tax Act.

I
The objective of N.J.S.A. 54A:4-1 is to avoid double taxation of the same income by providing a credit against New Jersey gross income tax for tax paid to another jurisdiction on the same income. Sorensen v. Taxation Div. Director, 184 N.J. Super. 393, 2 N.J. Tax 470, 446 A.2d 213 (Tax Ct. 1981). New Jersey seeks to protect from double taxation the non-New Jersey source income taxed by another jurisdiction. A formula is used to separate foreign income from New Jersey income. The New Jersey source income, which need not be shielded from double taxation, remains subject to New Jersey tax undiminished by foreign tax credit.
The Jenkins' income which is potentially subject to double taxation is that earned in New York. To the extent that New York income would be subject to New Jersey tax, New Jersey relinquishes this tax by means of the credit. If, as in the case at bar, a foreign jurisdiction chooses to impose multiple taxes on the same income, it is not the purpose of the New Jersey statute to protect the taxpayer from such foreign multiple intrastate taxation of the same income.
To allow credit for such foreign multiple intrastate taxation of the same foreign income in excess of the New Jersey tax on this foreign income would result in an intrusion upon the New Jersey tax on New Jersey source income. We conclude that the intent of the act is to avoid double taxation of foreign income by relinquishing all or part of the New Jersey tax on the foreign income, but not to relinquish New Jersey tax on income earned in New Jersey.
*134 Having so concluded, it is unnecessary to address the question of whether the word "or" in N.J.S.A. 54A:4-1(a) is conjunctive or disjunctive. The purpose of the credit is to avoid double taxation of the New York source income. A conjunctive interpretation is inappropriate under the facts of this case because the credit for the New York State tax exhausts the New Jersey tax on the New York income.
Support for the foregoing conclusion can be found in N.J.A.C. 18:35-1.12. This regulation was upheld in Sorensen v. Taxation Div. Director, supra.[2] Example 8 contained in N.J.A.C. 18:35-1.12 is consistent with our conclusion that the purpose of the tax credit is to avoid double taxation. There is a presumption of reasonableness of administrative regulations. New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 561, 384 A.2d 795 (1978). The burden is on the attacking party to demonstrate that the regulation is arbitrary, capricious or unreasonable. Ibid. In the subject case, taxpayer has failed to overcome the presumption of reasonableness of N.J.A.C. 18:35-1.12(a)(8). For this reason we uphold the validity of example 8 contained in N.J.A.C. 18:35-1.12 and follow it in the instant case. We hold that the credit for foreign tax cannot impinge on the New Jersey tax on New Jersey source income. Since the credit is exhausted by the tax paid to the State of New York, there can be no credit for tax paid to the City of New York.

II
Taxpayer also argues that he has been denied equal protection of the law under the Fourteenth Amendment of the United States Constitution and Art. I, par. 1, of the New Jersey Constitution. He contends that the Director permits a credit for the Philadelphia wage tax to New Jersey residents who work in *135 that city but, in the subject case, denies a credit for the New York City earnings tax. A credit is allowed under the New Jersey gross income tax to New Jersey residents for the Philadelphia wage tax. New Jersey State Tax News, Number 4, July-August 1979, at 80. Taxpayer refers to the Pennsylvania-New Jersey Reciprocal Income Tax Agreement, entered into pursuant to N.J.S.A. 54A:9-17(e) and effective January 1, 1978. Under this agreement New Jersey residents having Pennsylvania source income are not subject to Pennsylvania personal income tax. Conversely, Pennsylvania residents having New Jersey source income are not required to pay New Jersey gross income tax. This agreement does not deal with taxes imposed by political subdivisions of either New Jersey or Pennsylvania. 1 CCH New Jersey Tax Rep., ¶ 17-445.
The effect of the agreement with Pennsylvania is to remove New Jersey residents' Pennsylvania State source income from taxation by Pennsylvania. However, the agreement does not remove New Jersey residents' Philadelphia City source income from taxation by Philadelphia. Both Pennsylvania State and Philadelphia City source income of New Jersey residents are subject to tax by the State of New Jersey. Thus New Jersey residents' Pennsylvania source income is only subject to tax in Pennsylvania by the City of Philadelphia.
We have already held in this case that the New Jersey tax on New Jersey source income is unaffected by the credit for tax paid to foreign jurisdictions. This credit is limited to the tax on that portion of the income subject to double taxation by New Jersey and foreign jurisdictions. A credit is allowed for tax paid to the City of Philadelphia on Philadelphia source income because the credit for tax on non-New Jersey income is not exhausted by a tax at the Pennsylvania State level. The Philadelphia City credit thus does not affect the New Jersey tax on New Jersey source income.
In this case the income tax imposed by the State of New York exhausts the entire credit allowed under the New Jersey Gross Income Tax Act. No portion of the credit remains for earnings tax paid to New York City.
*136 The Equal Protection Clause requires that persons or classes of persons similarly situated be treated similarly. Levy v. Louisiana, 391 U.S. 68, 71, 88 S.Ct. 1509, 1511, 20 L.Ed.2d 436 (1968), reh. den. 393 U.S. 898, 89 S.Ct. 65, 21 L.Ed.2d 185 (1968); Wilson v. Long Branch, 27 N.J. 360, 377, 142 A.2d 837 (1958); Robson v. Rodriguez, 26 N.J. 517, 523, 141 A.2d 1 (1958); Washington Nat'l Ins. Co. v. Board of Review, 1 N.J. 545, 553, 64 A.2d 443 (1949); Raybestos-Manhattan, Inc. v. Glaser, 144 N.J. Super. 152, 189, 365 A.2d 1 (Ch.Div. 1976), aff'd 156 N.J. Super. 513, 384 A.2d 176 (App.Div. 1978). Although the New Jersey Constitution does not contain an Equal Protection Clause, Art. I, par. 1, of the New Jersey Constitution has been held to provide similar equal protection coverage to that contained in the United States Constitution. Peper v. Princeton Univ. Bd. of Trustees, 77 N.J. 55, 79, 389 A.2d 465 (1978). Equal protection permits dissimilar treatment if the classification is not invidiously discriminatory and is rationally related to a legitimate governmental objective. See Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 359, 93 S.Ct. 1001, 1003, 35 L.Ed.2d 351 (1973); Shepard v. Woodland Tp. Comm. and Planning Bd., 71 N.J. 230, 247, 364 A.2d 1005 (1976).
In the subject case, N.J.S.A. 54A:4-1 and N.J.A.C. 18:35-1.12(a)(8) treat all New Jersey resident taxpayers similarly by providing a credit in N.J.S.A. 54A:4-1(a) to all New Jersey residents, limited to the New Jersey tax on non-New Jersey source income. The credit is applicable uniformly to all New Jersey residents as a class. The tax structures of other states may result in the payment of taxes in excess of the credit allowed by the State of New Jersey, either by reason of tax rates or of foreign multiple intrastate taxation of the same foreign income. The credit granted by New Jersey will vary as the foreign tax varies. The method by which the credit is determined is the same for all New Jersey residents. Any inequality in the amount of foreign tax that may be aggregated to reach the allowable New Jersey credit limit is the result of the foreign tax structure and existing interstate tax agreements, not a discriminatory application of the New Jersey *137 credit. We hold that since this credit is available equally to all members of the class of New Jersey resident taxpayers, there is no classification by the Legislature in violation of the Equal Protection Clause.
Taxpayer bears the burden of showing that the alleged legislative classification is irrational and arbitrary and thus constitutionally infirm. See Weymouth Tp. Taxpayers Ass'n v. Weymouth Tp., 80 N.J. 6, 40, 364 A.2d 1016 (1976). Taxpayer has made no showing that the Pennsylvania-New Jersey Reciprocal Income Tax Agreement unfairly discriminates against him so as to constitute a denial of equal protection. Our analysis of the nature of the credit leads to the conclusion that the mere statement that those who work in Philadelphia may take the credit, while those who work in New York City may not, is insufficient proof to establish a denial of equal protection.

III
Taxpayer contends that he is not required to pay New Jersey gross income tax because his tax liability under the Emergency Transportation Tax Act, N.J.S.A. 54:8A-1 et seq. (hereinafter "ETTA") is greater than his liability under the New Jersey Gross Income Tax Act. He cites N.J.S.A. 54:8A-119 to establish that his ETTA liability is substituted for his obligation to pay New Jersey gross income tax. He states that his 1977 ETTA liability of approximately $34,000 was greater than his New Jersey gross income tax liability of approximately $11,000. Taxpayer contends that § 119 provides that an individual subject to both New Jersey gross income tax and emergency transportation tax is only liable for the greater of the two taxes. N.J.S.A. 54:8A-119 provides as follows:
An individual subject to the New Jersey gross income tax, Title 54A of the New Jersey statutes, and to the emergency transportation tax, P.L. 1961 c. 32 (C. 54:8A-1 et seq.) ... shall only be liable for a sum equal to the amount of tax due and payable under
(1) the New Jersey Gross Income Tax Act or
(2) the Emergency Transportation Tax Act ... whichever is greater.
A taxpayer resident in the State of New Jersey, employed in the State of New York, is liable for the emergency transportation tax but has no obligation to pay or to file an ETTA tax return if *138 the amount of tax paid to the State of New York equals or exceeds his New Jersey emergency transportation tax liability. Salorio v. Glaser, 82 N.J. 482, 498, 414 A.2d 943 (1980); N.J.A.C. 18:10-11.3.
The legislative scheme of the New Jersey gross income tax, as previously stated in this opinion, is to shield the foreign source income from double taxation without diminishing the New Jersey tax on the New Jersey source income. When a New Jersey resident is subject to ETTA by reason of his employment in New York, but actually pays no ETTA tax because of a credit for tax paid to New York on his New York source income, he is still responsible for paying New Jersey gross income tax on his New Jersey source income. If this were not so, the tax on the New Jersey source income would be diminished, contrary to the legislative scheme of the New Jersey Gross Income Tax Act. We conclude that the words "due and payable" in § 119 mean that the emergency transportation tax will apply instead of the New Jersey gross income tax when the amount of emergency transportation tax due and payable (actually to be paid) to the State of New Jersey exceeds the amount of New Jersey gross income tax due and payable to the State of New Jersey.
The intent of the Legislature can be deduced from the statement attached to Senate Bill S-1601 which, when enacted, became N.J.S.A. 54:8A-119 to 121. The statement included the following wording:
The bill would provide that persons subject to either of the commuter taxes would pay the greater of the amount of tax due under said tax acts or the New Jersey Gross Income Tax Act.
The amount of tax which would exceed that due under the New Jersey Gross Income Tax Act would be deposited in the Transportation Benefit Fund or the Transportation Fund, established by the two commuter tax acts. This money is dedicated to the improvement of transportation and transportation facilities in the critical areas covered by said acts.
The amount of tax liability which would be due under the New Jersey Gross Income Tax Act would be deposited in the Property Tax Relief Fund established under said act.
It is clear that payment of tax to New Jersey is anticipated, whichever tax act is applicable. Therefore, an ETTA tax liability which does not result in the payment of tax to the State *139 of New Jersey is not the kind of liability that can be deemed to be greater than an actual tax to be paid to the State of New Jersey under the New Jersey Gross Income Tax Act.
We therefore hold that taxpayer must pay the New Jersey gross income tax, even if his emergency transportation tax liability is greater, if the amount of tax due and payable to the State of New Jersey under the ETTA is less than the amount of tax due the State of New Jersey under the New Jersey Gross Income Tax Act.

Conclusion
Taxpayer is not entitled to a credit against his New Jersey gross income tax for tax paid to the City of New York under the facts of this case.
Denial of credit for New York City earnings tax under the facts of this case does not violate equal protection.
When taxpayer's New Jersey emergency transportation tax liability exceeds his New Jersey gross income tax liability but there is no emergency transportation tax due and payable, taxpayer is not relieved of his obligation to pay New Jersey gross income tax.
The Clerk of the Tax Court is directed to enter judgment dismissing the complaint.
NOTES
[1] Adjustment of New York income by the Director of the Division of Taxation resulted in an increase in the New York State tax credit to $6,151.
[2] Although not raised in this case, Sorensen upheld retroactive application of this regulation to a transaction occurring before the regulation's effective date. Sorensen, 184 N.J. Super. at 400-401, 2 N.J. Tax at 477-478, 446 A.2d at 216-217.