LASSER, P. J. T. C.
Taxpayers contest the Director’s deficiency assessment under the New Jersey Gross Income Tax Act. At issue is the treatment of alimony payments in the calculation of the credit for tax paid to another state, under N.J.S.A. 54A:4 — 1, for the year 1979.
The Director has moved for summary judgment on the following stipulated facts: Taxpayers are New Jersey residents who work in New York. They filed a joint 1979 New Jersey resident gross income tax return reporting New Jersey gross income of $94,891.66. After allowing for personal exemptions and claiming a $10,000 deduction for alimony payments, taxpayers computed their New Jersey taxable income as $80,691.66. Taxpayers reported gross income tax liability of $1,917.29 before the credit for tax paid to the State of New York. Taxpayers *440 calculated the credit for tax paid to the State of New York at $1,877. The Director recalculated the credit to be $1,675. The difference is attributable to the Director’s deduction of alimony payments from the numerator of the fraction used to calculate the credit.
The issue in this case is whether the numerator of the fraction used to calculate the credit for tax paid to the State of New York should include or exclude the $10,000 alimony payment. Deducting the alimony payment from the numerator has the effect of decreasing the credit for New York tax, thus increasing the New Jersey tax.
A credit is allowed under N.J.S.A. 54A:4-1 as follows:
(a) A resident taxpayer shall be allowed a credit against the tax otherwise due under this act for the amount of any income tax or wage tax imposed for the taxable year by another state of the United States or political subdivision of such state, or by the District of Columbia, with respect to income which is also subject to tax under this act.
(b) The credit provided under this section shall not exceed the proportion of the tax otherwise due under this act that the amount of the taxpayer’s income subject to tax by the other jurisdiction bears to his entire New Jersey income.
The credit provision is further defined by N.J.A.C. 18:35-1.-12(a)(4)(i) to 1.12(a)(4)(iii) as follows:
i. Income subject to tax by the other jurisdiction means those categories of income which are taxed by another jurisdiction before the allowance for personal exemptions and standard and/or other itemized deductions and which are also subject to tax under the New Jersey Gross Income Tax Act.
ii. Entire New Jersey income means the categories of New Jersey gross income subject to tax before allowances for personal exemptions and deductions.
iii. Adjustments must be made:
... In the numerator, for taxpayers who claim credit for income in the numerator which has been only partially taxed by the other jurisdiction.
Taxpayers calculate the credit as follows:
*441 Income subject to tax by New York Entire New Jersey Income x New Jersey tax = Credit
$93,000 x $1,917 = $1,877[1] $95,000
The Director calculates the credit as follows:
$83,000 x $1,917 = $1,6751 $95,000
The difference in these calculations is that taxpayers include the $10,000 alimony payment in the numerator and the Director does not. Taxpayers argue that consistency requires that the alimony payment be included in both the numerator and the denominator. The Director argues that the alimony payment is not subject to tax by New York and therefore is not properly included in the numerator.
Taxpayers contend that the entire $93,000 New York earnings were the income subject to tax in New York. Taxpayers refer to N.J.A.C. 18:35 — 1.12(a)(4)(i) as support for their position. This regulation states that income subject to tax is income “before the allowance for personal exemptions and standard and/or other itemized deductions. ... ” They contend that the intent of this regulation is to include the gross amount before deductions as income subject to tax by New York.
N.J.S.A. 54A:4-l(b) calculates the credit for tax paid to New York by applying a proportion or fraction. The numerator of the fraction is taxpayers’ income subject to tax by New York and the denominator is their entire income. The New York income tax is a net income tax. New York adopts the same deductions in determining adjusted gross income as are allowed under the Internal Revenue Code. New York Tax Law § 632 (McKinney’s). Under federal law, alimony is deductible to the payor. I.R.C. § 215(a). Therefore, alimony is deductible in New York. Alimony is deductible from gross income under the New Jersey Gross Income Tax Act. N.J.S.A. 54A:3-2.
*442 The gross income subject to tax in New York was $93,000. Since the $10,000 alimony payment is a deduction in New York, taxable income as shown on the New York tax return was approximately $83,000. The Director contends that this amount is the income subject to tax by the State of New York and should appear in the numerator.
The Director contends that any inconsistency resulting from the inclusion of alimony only in the denominator is resolved because the fraction ultimately obtained is multiplied by the tax imposed by New Jersey. N.J.S.A. 54A:3-2. The Director contends that alimony is properly included in the denominator since the New Jersey tax is reduced by the alimony before the credit for New York tax is calculated. The Director states that alimony must not be included in the numerator of the fraction because line 3 of the taxpayers’ New York tax return lists “taxable income” of approximately $83,000, reflecting the deduction of alimony payments. A similar deduction of alimony is not made in the denominator because N.J.A.C. 18:35-1.-12(a)(4)(H) defines the term “entire New Jersey income” as “gross income subject to tax before allowances for personal exemptions and deductions.”
The intent of the credit provision of the New Jersey Gross Income Tax Act is to minimize or avoid double taxation. Jenkins v. Taxation Div. Director, 184 N.J.Super. 402, 408, 4 N.J.Tax 127, at 133, 446 A.2d 217 (Tax.Ct.1982); Sorensen v. Taxation Div. Director, 184 N.J.Super. 393, 398, 2 N.J.Tax 470, 475, 446 A.2d 213 (Tax Ct.1981). The calculation of the credit is intended to shield income taxed by another jurisdiction. Jenkins, supra, 184 N.J.Super. 402, 408-410, 4 N.J.Tax at 133, 134, 446 A.2d 217. In the subject case $93,000 was earned in New York. Only $83,000 was taxed in New York because there was a $10,000 deduction for alimony payments, which are not subject to tax in New York. Similarly, in Sorensen, 40% of the gain was not subject to tax in New York, although the entire gain constituted income to the taxpayer.
*443 The statutory scheme minimizes or avoids double taxation based on what is actually, not potentially, taxed. Sorensen, supra, 184 N.J.Super. 393, 398, 2 N.J.Tax at 475, 446 A.2d 213. In the subject case the income actually subject to tax by New York is approximately $83,000. The additional $10,000 of earnings was offset by the alimony and thus was not taxed by New York. If alimony were included in the numerator, taxpayers would receive a double benefit, represented by the deduction of $10,000 of income in New York and the increased credit offsetting $10,000 of New Jersey income. Such result would be inconsistent with the statutory purpose.
Taxpayers argue that they would pay less New Jersey tax if no alimony were paid. If no alimony were paid, the numerator would be increased by $10,000 but the denominator would remain the same, increasing the fraction, increasing the New Jersey credit and reducing the New Jersey tax. However, if there were no alimony deduction in New York, the New York tax would also be higher, thus justifying the greater New Jersey credit. When taxpayers pay less tax in New York because of an alimony deduction, their New Jersey credit should be decreased.
N.J.A.C. 18:35 — 1.12(a)(4)(i) provides that income subject to tax by another state is income before personal exemptions and standard and/or other itemized deductions. Alimony is deducted from gross income to arrive at adjusted gross income. Personal exemptions and itemized deductions are deducted from adjusted gross income to arrive at taxable income. The regulation’s treatment of the numerator therefore applies to amounts deducted from adjusted gross income, not gross income. Therefore, the deduction of alimony payments from the numerator is not inconsistent with the language of the regulation. This accords with the treatment of the portion of capital gain taxable in New York, as stated in Sorensen.
N.J.A.C. 18:35 — 1.12(a)(4)(H) defines the denominator as the “(e)ntire New Jersey income” before personal exemptions and deductions. Since alimony is a deduction, it must be included in *444 the denominator. Therefore the denominator is $95,000 and the credit must be computed as follows:
$83,000 x $1,917 = $1,675[2] $95,000
I conclude that the formula used by the Director accords with the statute and the regulations and operates to fairly achieve the objective of minimizing or avoiding double taxation and is consistent with Sorensen v. Taxation Div. Director, 184 N.J.Super. 393, 2 N.J.Tax 470, 446 A.2d 213 (Tax Ct.1981).
The Director’s motion for summary judgment is granted. The Clerk of the Tax Court is directed to enter judgment in accordance with this opinion.'

A11 figures rounded.

All figures rounded.