STERN, P.J.A.D.
Plaintiffs appeal from the Tax Court’s judgment of November 4, 1999, upholding the final determination of the Director of the Division of Taxation, assessing a New Jersey gross income tax *298 assessment against plaintiffs based on the Director’s method of calculating the resident credit for foreign income taxes paid as embodied in them 1991 return.[1] Tried on stipulated facts, the issue relates to the proper interpretation of N.J.A.C. 18:35-4.1(4),[2] whether it is consistent with N.J.S.A. 54A:4-1(b) and, if so, whether it violates the Equal Protection clause.
Plaintiffs insist that:
Both the numerator and the denominator of the credit limitation fraction described in N.J.S.A. 54A:4—1(b) should be determined in the manner that New Jersey Gross Income Tax is determined.
The cited statute, N.J.S.A. 54A:4-1(b), provides, as it did in 1991, that “[t]he credit provided under [N.J.S.A. 54A:4-1] shall not exceed the proportion of the tax otherwise due under this act that the amount of the taxpayer’s income subject to tax by the other jurisdiction bears to his entire New Jersey income” (emphasis added). N.J.S.A. 54A:4-1(b) is an implementing subsection of N.J.S.A. 54A:4-1 which provides, in relevant part, that:
(a) A resident taxpayer shall be allowed a credit against the tax otherwise due under this act for the amount of any income tax or wage tax imposed for the taxable year by another state of the United States or political subdivision of such state, or by the District of Columbia,, with respect to income which is also subject to tax under this act....[3]
As a result of these provisions, plaintiffs assert that the amount of income “subject to tax” by New York and California “must be determined in the same manner and with the same deductions as are used in computing New Jersey gross income.” Simply put, *299 plaintiffs challenge the reduction from the numerator of deductions permitted in the foreign jurisdiction but not recognized in New Jersey.
We reject the plaintiffs’ contention and hold that income not actually taxed in the foreign state, or actually subject to taxation there, must be excluded from the numerator, substantially for the reasons expressed by Judge Harold A. Kuskin in his oral opinion of October 15, 1999. In fact, as Judge Kuskin pointed out, he was bound by our opinion in Ambrose v. Director, Div. of Taxation, 198 N.J.Super. 546, 487 A.2d 1274 (App.Div.1985), which, like this case, dealt with income derived from participation and interest in a New York City law partnership. In Ambrose we concluded:
that the regulations fully comport with the express language contained m the statutory scheme and the underlying legislative design. New York’s statute differs from our own in that the former constitutes a “net income” tax “similar in design” to the federal revenue act Sorensen v. Taxation Div. Director, 184 N.J.Super. 393, 2 N.J. Tax 470, 476, 446 A.2d 213, (Tax Ct.1981). Conversely, New Jersey’s tax is on gross income, reduced only by certain limited deductions and credits. Hence, the phrase “income subject to tax” which appears m N.J.S A. 54A:4-1, as defined in N.J.A.C. 18:35-1.12(a)(4)(i), “can logically refer to two different things when applied to New York and New Jersey.” Sorensen v. Taxation Div. Director, supra[,] at 476, 446 A.2d 213. Further, the statutory language clearly distinguishes between income actually taxable in the foreign state and the taxpayer’s “entire New Jersey income.” N.J.S.A. 54A:4-1(b). The express statutory terms thus clearly support the Director’s interpretation.
So too, the regulations are fully consistent with the legislative design. We note in that regard that in assessing the validity of ail administrative regulation, we are not wholly limited to the express statutory language. Rather, we may consider as well the spirit of the legislation and the statutory purpose. Cf. In re Weston, supra[,] 36 N.J. [258] at 263, 176 A.2d 479. The intent of the credit provision “is to minimize or avoid double taxation.” Nielsen v. Taxation Div. Director, 4 N.J. Tax 438, 442 (Tax Ct.1982); Jenkins v. Taxation Div. Director, 184 N.J.Super 402, 4 N.J. Tax 127, 133, 446 A.2d 217 (Tax Ct.1982); Sorensen v. Taxation Div. Dir., supra], 184 N.J.Super. 393,] 2 N.J. Tax at 475, 446 A.2d 213. “The calculation of the credit is intended to shield income taxed by another jurisdiction.” Nielsen v. Taxation Div. Director, supra], 4 N.J. Tax] at 442. In that respect, our statute seeks to avoid multiple taxation based upon “what is actually, not potentially, taxed.” Id at 443. Stated somewhat differently, the rule operates to limit the resident credit to an amount that reflects “only that income taxed by other jurisdictions.” Sorensen v. Taxation Div. Director, supra[, 184 N.J.Super. 393,] 2 N.J. Tax at 475, 446 A.2d 213.
So posited, we are entirely satisfied that the regulations do not impinge upon the legislative purpose. Although income may be treated differently by New Jersey *300 and the foreign jurisdiction, multiple taxation does not result. The effect of the regulations is to shield only that portion of the taxpayer’s income which is subject to tax in the other state.
[Ambrose, supra, 198 N.J.Super. at 552-53, 487 A.2d 1274.]
See also Sutkowski v. Director, Div. of Taxation, 312 N.J.Super. 465, 470-71, 474-75, 482, 712 A.2d 229 (App.Div.1998), which emphasized that “if the same income is taxed in another state and in this state for the same tax year, the Legislature intends the New Jersey resident taxpayer to receive a credit for the tax paid in the other state.” Id. at 474-75, 712 A.2d 229.
Plaintiffs also contend that the Tax Court’s holding deprives them of equal protection of the laws in violation of the federal and state constitutions. They assert that:
[A]n identically situated New Jersey resident whose income was from Pennsylvania sources instead of New' York or California would be entitled to a greater credit than Plaintiffs, even though the aggregate amount of Pennsylvania tax paid by that resident might be less than the New York or California taxes paid by Plaintiffs.... It would not be rational to tie New Jersey’s tax revenues from self-employed residents conducting businesses in other states to the happenstance of how those other states characterize the deductions they allow.
Plaintiffs also appear to contend that New Jersey residents making the identical gross income in two different states might well receive different tax credits in New Jersey and, therefore, pay different income tax here. However, as Judge Kusldn suggested, the New Jersey residents are treated identically in terms of the receipt of a credit for the income subject to taxation in a foreign state. As the late Judge Lawrence Lasser so well said:
The Equal Protection Clause requires that persons or classes of persons similarly situated be treated similarly. Levy v. Louisiana, 391 U.S. 68, 71, 88 S.Ct. 1509, 1511, 20 L.Ed.2d 436 (1968), reh[’g] den. 393 US. 898, 89 S.Ct. 65, 21 L.Ed.2d 185 (1968); Wilson v. Long Branch, 27 N.J. 360, 377, 142 A.2d 837 (1958); Robson v. Rodrig[q]uez, 26 N.J. 517, 523, 141 A.2d 1 (1958); Washington Nat’l Ins. Co. v. Board of Reviera, 1 N.J. 545, 553, 64 A.2d 443 (1949); Raybestos-Manhattan, Inc. v. Glaser, 144 N.J.Super. 152, 189, 365 A.2d 1 (Ch.Div.1976), aff'd, 156 N.J.Super. 513, 384 A.2d 176 (App.Div.1978). Although the New Jersey Constitution docs not contain an Equal Protection Clause, Art. I, par. 1, of the New Jersey Constitution has been held to provide similar equal protection coverage to that contained in the United States Constitution. Peper v. Princeton Univ. Bd. of Trustees, 77 N.J. 55, 79, 389 A.2d 465 (1978). Equal protection permits dissimilar treatment if the classification is not invidiously discriminatory and is rationally related to a legitimate governmental objective. See Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 359, 93 S.Ct. 1001, 1003, 35 L.Ed.2d 351 (1973); *301 Shepard v. Woodland Tp. Comm. and Planning Bd., 71 N.J. 230, 247, 364 A.2d 1005 (1976).
In the subject case, N.J.S.A. 54A:4-1 and N.J.A.C. 18:35-1.12(a)(8) treat all New Jersey resident taxpayers similarly by providing a credit in N.J.S.A. 54A:4-1(a) to all New Jersey residents, limited to the New Jersey tax on non-New Jersey source income. The credit is applicable uniformly to all New Jersey residents as a class. The tax structures of other states may result in the payment of taxes in excess of the credit allowed by the State of New Jersey, either by reason of tax rates or of foreign multiple intrastate taxation of the same foreign income. The credit granted by New Jersey will vary as the foreign tax varies. The method by which the credit is determined is the same for all New Jersey residents. Any inequality in the amount of foreign tax that may be aggregated to reach the allowable New Jersey credit limit is the result of the foreign tax structure and existing interstate tax agreements, not a discriminatory application of the New Jersey credit. We hold that since this credit is available equally to all members of* the class of New Jersey resident taxpayers, there is no classification by the Legislature in violation of the Equal Protection Clause.
[Jenkins v. Taxation Div. Dir., 184 N.J.Super. 402, 411-12, 4 N.J. Tax 127, 136-37, 446 A.2d 217 (Tax Ct.1982).]
Subsequent Equal Protection cases do not affect this conclusion. See, e.g., Bush v. Gore, 531 U.S. 98, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000); Williams v. Vermont, 472 U.S. 14, 22, 105 S.Ct. 2465, 2471, 86 L.Ed.2d 11, 18-19 (1985).
Accordingly, the judgment of the Tax Court is affirmed.

 Other issues between the parties, including withdrawal of the Director's position regarding the lack of a right to a credit for the New York City unincorporated business tax, have bepn resolved by the parties.

 N.J.A.C. 18:35-4.1 is the recodification of N.J.A.C. 18:35-1.12 which was in effect in 1991. Neither party suggests that the recodification embodied any substantive change or affects any issue involved in the appeal. We note this recodification, in part, because of the regulation numbers considered in some of the relevant precedent cited in the "case notes" to the regulation and this opinion.

 This subsection was amended by an exception added by L. 1993, c. 173, which is deleted from this quotation and which has no impact on the issue before us.