**DIRECTOR OF REVENUE, Appellant,
Respondent Below,**

v.

**Thomas E. MANERCHIA, Appellee,
Petitioner Below.**

Superior Court of Delaware,
New Castle County.

Submitted: Jan. 24, 1983.

Decided: May 19, 1983.

John P. Fedele, Deputy Atty. Gen., Dept. of Justice, for appellant, respondent below.

Robert E. Schlusser, Schlusser & Reiver, Wilmington, for appellee, petitioner below.

**1016**

O'HARA, Judge.

The instant appeal by the Director of Revenue ("Director") challenges the interpretation of the Tax Appeal Board ("Board") with respect to 30 *Del.C.* § 1111(a). Allowing a credit for income tax paid to another State, the statute provides in relevant part:

(a) Allowance of credit—A resident individual shall be allowed a credit against the tax otherwise due under this Chapter for the amount of any income tax imposed on him for the taxable year by another State of the United States or the District of Columbia on income derived from sources therein and which is also subject to tax under this Chapter.

The controversy herein arises in the following context: Appellee-taxpayer ("taxpayer"), a Delaware resident, sold real estate located in New Jersey in 1979 and realized a gain therefrom of $54,406.00. The taxpayer was subject to a New Jersey gross income tax of 2½ percent on the entire gain, resulting in a New Jersey gross income tax liability of $1,241.00. He then claimed a credit on his 1979 Delaware income tax return for the *entire* $1,241.00 paid to New Jersey, purportedly pursuant to 30 *Del.C.* § 1111(a). The Board upheld this amount as the appropriate Delaware credit, a ruling which the Director asserts is in error as a matter of law.

Initially, the Director points out that the "entire taxable income" subject to Delaware personal income tax is defined at 30 *Del.C.* § 1105 as Federal adjusted gross income, as defined in the Internal Revenue Code of 1954 ("I.R.C. 1954") with the modifications, deductions and exemptions as provided for in 30 *Del.C.,* Chapter 11.

The Federal adjusted gross income computation *subtracts* certain deductible items from gross income, including long-term capital gains. See Section 62, I.R.C.1954. The

amount of the gain subject to exclusion is governed by Section 1202(a), I.R.C.1954, providing as follows:

(a) In General—If for any taxable year a taxpayer other than a corporation has a net capital gain, 60% of the amount of the net capital gain shall be a deduction from gross income.

Therefore, inasmuch as 60 percent or $32,643.60 of the long-term capital gain of $54,406.00 is not included in the Federal adjusted gross income, it is not subject to Delaware personal income tax. See 30 *Del.C.* § 1105. The remaining 40 percent ($21,762.40) of the gain, however, is subject to the Delaware tax due to its inclusion as Federal adjusted gross income and, therefore, argues the Director, any New Jersey tax paid on that portion alone should be credited on the Delaware return.

However, the literal reading of 30 *Del.C.* § 1111(a) which underlied the Board's construction of the statute obviates the need for such a complex and restrictive approach as that advanced by the Director. Specifically, this Court finds reference to the Federal income tax law unnecessary insofar as the operative elements of the Delaware credit are articulated in the statute:

A resident individual *shall be allowed a credit against* the tax otherwise due under this chapter for the amount of *any income tax imposed* on him for the taxable year *by another state* of the United States or the District of Columbia *on income derived from sources therein* and which is also subject to tax under this chapter. (Emphasis added).

In short, the Delaware credit attaches to any income tax imposed on a resident individual by another state on income derived from sources therein. Unlike 30 *Del.C.* § 1111(b)[1] which refers to "taxable in-

---

1. That subsection provides:

   (b) *Limitation on credit.*—The credit allowable under this section with respect to the income tax imposed upon the taxpayer for the taxable year by each other taxing juris-

diction shall not exceed the amount computed by multiplying the tax otherwise due under this chapter by a fraction, the numerator of which is the amount of the taxpayer's *taxable* income derived from sources in the

come," the income described in § 1111(a) is limited by no such qualification. The description of § 1111(a) that the income "also be subject to tax under this chapter" merely requires that the income-generating transaction, in this case the sale of real estate yielding a long-term capital gain, likewise be subject to taxation generally in this State.

The Director's position strains to limit the credit by the ratio of the taxpayer's Delaware taxable income to the taxpayer's New Jersey taxable income, thereby implementing a limitation neither authorized nor contemplated by § 1111(a). The sole restriction on the credit is defined by § 1111(b) which imposes a limitation on the credit for taxes paid to another state to the extent that the rate of taxation in the other state exceeds the rate of taxation in Delaware.

In particular, § 1111(b) states that the limitation on the credit is to be determined by the ratio of the taxpayer's Delaware taxable income derived from sources in other states to the taxpayer's total Delaware taxable income.[2] Accordingly, regardless of any reduction in the total gain made in determining Delaware taxable income, once the item enters into Delaware

taxable income to any extent it is fixed for purposes of limitation on the credit.[3]

Moreover, this approach eliminates the need for inquiry into the *nature* of income being taxed outside this State and its concomitant relation to Federal adjusted gross income, as would be mandated under the Director's analysis, which would likewise yield varying percentages of tax paid to another state allowed to be claimed under 30 *Del.C.* § 1111(a) based on the classification of said income. Our statute does not require such an inquiry.

Therefore, based on the foregoing examination of 30 *Del.C.* § 1111(a), this Court concludes that the Board was correct as a matter of law in allowing the taxpayer a credit for the entire amount of tax paid to New Jersey on income realized from the sale of real estate situated therein. Accordingly, the Board's decision is affirmed.

IT IS SO ORDERED.

---

other taxing jurisdiction (applying the rules of section 1122 of this title), and the denominator of which is his entire taxable income. (Emphasis added).

The taxpayer asserts that the fact that subsection (a) speaks of "income, while subsection (b) speaks of "taxable income", indicates that the omission of the qualifier "taxable" from subsection (a) was intentional.

2. Note that in subsection (a) there can only be uniformity of "income" between states, whereas subsection (b) deals with only one State,

Delaware, and thus there can be uniformity of "*taxable* income."

3. This becomes obvious through the simple example of a taxpayer whose only Delaware income was the sale of a piece of real property in New Jersey at a gain of $100,000. Whether that gain is reduced to $40,000 (by 60%) or to $1 (by 99.9%) or whether that gain is not reduced at all, it is still going to be 100% of his Delaware taxable income, and he will be allowed a full credit for the New Jersey tax paid.