198 N.J. Super. 546 (1985)
487 A.2d 1274
ROBERT F. AMBROSE, PLAINTIFF-APPELLANT,
v.
DIRECTOR, DIVISION OF TAXATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 18, 1984.
Decided January 9, 1985.
*548 Before Judges MICHELS and BAIME.
Robert F. Ambrose, pro se, submitted a brief.
Irwin I. Kimmelman, Attorney General, attorney for respondent (James J. Ciancia, Assistant Attorney General, of counsel; David Dembe, Deputy Attorney General, on the brief).
The opinion of the court was delivered by BAIME, J.A.D.
*549 This is an appeal from a judgment entered by the Tax Court upholding the Director's deficiency assessment under the New Jersey Gross Income Tax Act. Plaintiff is a New Jersey resident whose income is derived primarily from his participation and interest in a New York City law partnership. These earnings are subject to taxation in New York. The sole question presented pertains to the treatment of alimony payments and Keogh plan contributions in the calculation of the credit for taxes paid to another state pursuant to N.J.S.A. 54A:4-1. That statute provides in pertinent part as follows:
(a) A resident taxpayer shall be allowed a credit against the tax otherwise due under this act for the amount of any income tax ... imposed for the taxable year by another state of the United States or political subdivision of such state... with respect to income which is also subject to tax under this act.
(b) The credit provided under this section shall not exceed the proportion of the tax otherwise due under this act that the amount of the taxpayer's income subject to tax by the other jurisdiction bears to his entire New Jersey income.
The statutory credit provision is further defined by N.J.A.C. 18:35-1.12(a)(4)(i) to 1.12(a)(4)(ii) which state:
(i) Income subject to tax by the other jurisdiction means those categories before the allowance of personal exemptions and standard and/or other itemized deductions and which are subject to tax under the New Jersey Gross Income Tax Act.
(ii) Entire New Jersey income means the categories of New Jersey gross income subject to tax before allowances for personal exemptions and deductions.
At issue here is whether the Director properly excluded plaintiff's alimony payments and Keogh plan contributions in determining his New York taxable income. Because these amounts were included in calculating plaintiff's "entire New Jersey income" under N.J.S.A. 54A:4-1(b), the effect of the Director's decision was to reduce the taxpayer's foreign tax credit. Cross motions for summary judgment were filed. Judge Lasser concluded that the Director's construction of N.J.S.A. 54A:4-1 fully comported with the statutory purpose of minimizing or avoiding the prospect of double taxation. We agree and affirm *550 substantially for the reasons set forth in Judge Lasser's opinion.
The facts are not in dispute. Plaintiff filed his New Jersey gross income tax resident return for the year 1978 reporting $94,939.47 of partnership earnings and $1,697.37 in interest. From the total gross income of $96,636.84, plaintiff subtracted $4,000 comprised of personal exemptions and $11,250 for alimony payments. He reported his New Jersey taxable income, which is computed by subtracting exemptions and deductions from the gross amount, as $71,383.89.[1]
Applying the applicable rate to the amount of taxable income, plaintiff arrived at a figure of $1,684.67 representing the amount of tax owed. As noted previously, plaintiff also paid an income tax on his law partnership earnings to the State of New York. Therefore, plaintiff claimed a foreign tax credit pursuant to N.J.S.A. 54A:4-1(b). Under that provision, the statutory credit is determined by multiplying the sum due by a ratio consisting of "the amount of the taxpayer's income subject to tax by the other jurisdiction divided by his entire New Jersey income." Plaintiff calculated his credit as follows:

 $95,504.56[2]
 __________ × $1,684.67 = $1,664.93
 $96,636.84

Subtracting the credit of $1,664.93 from $1,684.67, the amount of the tax due, plaintiff arrived at a difference of $19.74.[3]
Sometime after paying his income tax, plaintiff received a deficiency assessment. The Director first corrected the arithmetical error in plaintiff's calculation of his New Jersey taxable income, thereby increasing the pre-credit tax to $1,934.67. The foreign tax credit ratio was altered by reducing the numerator, consisting of plaintiff's New York income subject to tax, to *551 $82,115. The Director arrived at this figure by excluding plaintiff's alimony payments and Keogh plan contributions. In an accompanying letter, the Director explained that the credit is limited to "income actually taxed" by the foreign state prior to personal exemptions and itemized or standard deductions. The credit was thus calculated as follows:
$82,115 _______ X $1,934.67 = $1,643.94 96,637
Defendant also allowed plaintiff a credit of $102.64 representing New York City taxes paid, which is not in dispute. The resulting credit of $1,746.58 was subtracted from the pre-credit tax ($1,934.67) leaving a balance of $188.09. From this amount, the Director subtracted plaintiff's payment of $21.82, added interest of $53.73, making the final amount due $220.
The principal thrust of plaintiff's argument in the Tax Court and on appeal is that the Director's construction of N.J.S.A. 54A:4-1 and the interpretive regulations are wholly inconsistent with the legislative design. More specifically, he contends that for the purpose of calculating the credit, all income which is includable in the numerator, the taxpayer's income subject to tax by the foreign jurisdiction, must also be set forth in the denominator. According to plaintiff, various types of income must be treated similarly in both parts of the credit ratio.
We disagree. Preliminarily, we note that administrative regulations "must be accorded a presumption of reasonableness." Consolidation Coal Co. v. Kandle, 105 N.J. Super. 104, 118 (App.Div. 1969), aff'd o.b. 54 N.J. 11 (1969). See also New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 561 (1978); Motyka v. McCorkle, 58 N.J. 165, 181 (1971). It has been said that "[a]dministrative rules and regulations have in their support the rebuttable presumption of validity if they come within the ambit of delegated authority." In re Weston, 36 N.J. 258, 263 (1961). See also In re Regulation F-22, Office of Milk Industry, 32 N.J. 258, 261-262 (1960). Unless such regulations are clearly ultra vires on their face, "the party attacking them has the burden of proving their invalidity." In re Regulation F-22, Office of Milk Industry, supra at 262.
*552 Applying these standards, we conclude that the regulations fully comport with the express language contained in the statutory scheme and the underlying legislative design. New York's statute differs from our own in that the former constitutes a "net income" tax "similar in design" to the federal revenue act. Sorensen v. Taxation Div. Director, 184 N.J. Super. 393, 2 N.J. Tax 470, 476 (Tax Ct. 1981). Conversely, New Jersey's tax is on gross income, reduced only by certain limited deductions and credits. Hence, the phrase "income subject to tax" which appears in N.J.S.A. 54A:4-1, as defined in N.J.A.C. 18:35-1.12(a)(4)(i), "can logically refer to two different things when applied to New York and New Jersey." Sorensen v. Taxation Div. Director, supra at 476. Further, the statutory language clearly distinguishes between income actually taxable in the foreign state and the taxpayer's "entire New Jersey income." N.J.S.A. 54A:4-1(b). The express statutory terms thus clearly support the Director's interpretation.
So too, the regulations are fully consistent with the legislative design. We note in that regard that in assessing the validity of an administrative regulation, we are not wholly limited to the express statutory language. Rather, we may consider as well the spirit of the legislation and the statutory purpose. Cf. In re Weston, supra 36 N.J. at 263. The intent of the credit provision "is to minimize or avoid double taxation." Nielsen v. Taxation Div. Director, 4 N.J. Tax 438, 442 (Tax Ct. 1982); Jenkins v. Taxation Div. Director, 184 N.J. Super. 402, 4 N.J. Tax 127, 133 (Tax Ct. 1982); Sorensen v. Taxation Div. Director, supra 2 N.J. Tax at 475. "The calculation of the credit is intended to shield income taxed by another jurisdiction. "Nielsen v. Taxation Div. Director, supra at 442. In that respect, our statute seeks to avoid multiple taxation based upon "what is actually, not potentially, taxed." Id. at 443. Stated somewhat differently, the rule operates to limit the resident credit to an amount that reflects "only that income taxed by other jurisdictions." Sorensen v. Taxation Div. Director, supra 2 N.J. Tax at 475.
*553 So posited, we are entirely satisfied that the regulations do not impinge upon the legislative purpose. Although income may be treated differently by New Jersey and the foreign jurisdiction, multiple taxation does not result. The effect of the regulations is to shield only that portion of the taxpayer's income which is subject to tax in the other state.
Plaintiff's reliance on Director of Revenue v. Manerchia, 461 A.2d 1015 (Del. Super. Ct. 1983) is misplaced. There, the Delaware Superior Court held that under the applicable statutes the taxpayer was entitled to a credit for the entire amount of the tax paid to New Jersey. Our statute is not similarly worded. As noted, we perceive a clear legislative design to limit the credit to income actually subject to taxation in the foreign jurisdiction. See Sorensen v. Taxation Div. Director, supra. Equally without merit is plaintiff's reliance on an article which appeared in the State Tax News, a newsletter published by defendant. Read as a whole, we believe that the article fairly supports the Director's present position. In any event, the State Tax News is not an authoritative pronouncement, nor does it have the binding effect of a statute or regulation.
Affirmed.
NOTES
[1] Plaintiff made an arithmetical error. The proper amount should have been $81,386.84.
[2] This is the amount of plaintiff's partnership income as he reported it on his New York State tax return. It is not explained why this differs from the $94,939.47 figure reported as income on his New Jersey return.
[3] For some unexplained reason, plaintiff paid $21.82 in taxes. Perhaps this amount included interest since the 1978 tax return was filed on June 23, 1980.