HOPKINS, J.T.C.
Plaintiff-taxpayers have appealed a determination asserting a deficiency in gross income tax (GIT) for tax year 1984 in the amount of $1,941 in tax, together with a penalty of $97.05 and interest in the amount of $384.32, or a total of $2,422.37.
Director has moved for summary judgment on the basis that the dollar amount of the adjustments was taken from the tax return information filed by taxpayers. Taxpayers have not filed a certification opposing the dollar amount of the adjustments. However, on brief, they did discuss those amounts. I find that such discussion was directed toward the legal justification for the adjustments. Accordingly, since there is an absence of a material issue of fact, the matter is ripe for summary judgment. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 110 A.2d 24 (1954).
Taxpayers filed a GIT return for tax year 1984 showing a tax liability of $5,779. They claimed an offsetting resident credit for the full amount based upon their payment of a New York State income tax of $15,586. In auditing the return, the Director adjusted the resident credit for New York State taxes by reducing the maximum credit factor numerator (income subject to tax by both New York and New Jersey) by the total of two items which, while not permitted to be used to reduce partnership income by New York, were so deductible in New Jersey. The first of the two adjustments was partnership-accelerated-cost-recovery-system (ACRS) depreciation expense. New York had restricted the partnership to normal depreciation expenses while New Jersey had followed the federal practice of permitting ACRS use. The difference in the two methods of depreciation amounted to $39,879. The second adjustment was the elimination of the amount of the taxpayers’ Colorado source partnership losses in the amount of $38,462. These losses had been offset against other partnership income by New Jersey but had not been recognized by New York. The net result of Director’s adjustments was to reduce plaintiffs’ claimed income *626 subject to tax by both New York State and New Jersey from $188,671 to $110,329.[1]
In addition, taxpayers contest the reduction of their claimed resident credit for taxes paid to New York City from $665 to $415. That reduction was a result of the Director’s decision to reduce the claimed income taxed by both New York City and New Jersey, but not by New York State, to $63,846, rather than the $108,485, claimed on taxpayers return.
N.J.S.A. 54A:4-1(a) provides:
A resident taxpayer shall be allowed a credit against the tax otherwise due under this act for the amount of any income tax or wage tax imposed for the taxable year by another state of the United States or political subdivision of such state ... with respect to income which is also subject to tax under this act.
Subsection (b) of the same statute provides a limitation on the amount of the allowable credit. It reads as follows:
The credit provided under this section shall not exceed the proportion of the tax otherwise due under this act that the amount of the taxpayer’s income subject to tax by the other jurisdiction bears to his entire New Jersey income.
The first issue is whether the factor for determining the maximum credit under N.J.S.A. 54A:4-1(b) should have its numerator restricted to income which is taxable both by New York and, New Jersey.
The objective of the above-quoted statutory provisions was to avoid the double taxation of the same income by providing a credit against New Jersey gross income tax for tax paid to another jurisdiction on the same income. The limitation on the credit provides a formula which separates such taxed foreign income from New Jersey taxable income. See Ambrose v. Tax. Division Director, 198 N.J.Super. 546, 487 A.2d 1274 (App.Div. 1984); Sorenson v. Tax. Division Director, 184 N.J.Super. 393, 2 N.J.Tax 470, 446 A.2d 213 (Tax Ct.1981). In those cases, the issues involved the effect on the credit when New York based *627 income was not taxed by New York State. Here, the issue involves the effect on the credit when New York based income is taxed by New York State and not by New Jersey.
N.J.S.A. 54A:4-1(a) is clear that the resident credit is only available for income which was subject to tax, and actually taxed, by a foreign jurisdiction, before personal exemptions and standard or other itemized deductions and which income is also subject to tax under the New Jersey GIT act. It is a two-pronged test. The increased partnership income resulting from the use of the ACRS depreciation deduction was not taxed in New Jersey. Since only normal depreciation was allowed in New York, the resulting increased partnership income was taxed there. Accordingly, such allocable partnership income failed to meet the second part of the two-pronged test, i.e., it was not taxed by New Jersey. Also, since the Colorado based partnership income losses, while recognized in New Jersey, were not recognized in New York, the result was that partnership income taxed in New York was greater than the partnership income taxed in New Jersey. There, too, the difference failed to meet the second part of the two-pronged test.
The Director, acknowledging that New York State taxes income at a higher rate than New Jersey, agreed that taxpayers were entitled to the maximum credit permitted by N.J.S.A. 54A:4-1(b). That maximum credit was computed by a factor which had as its numerator the amount of $110,329. Taxpayers had used the sum of $188,671 as the numerator. The difference resulted from the Director’s elimination of the partnership income adjustment.
The parties agree that the denominator of the factor, which is defined as the entire New Jersey taxable income, is $186,246.
The literal language of N.J.S.A. 54A:4-1(b) states that the maximum credit “shall not exceed the proportion of the tax otherwise due under the act that the amount of taxpayers’ income subject to tax by the other jurisdiction bears to his *628 entire New Jersey income.” That language could literally be interpreted to permit the total of taxpayers’ New York income, whether or not taxed by New Jersey, to be included in the numerator. However, section (b) must be read in conjunction with section (a). Section (a) clearly restricts the credit to foreign taxed income which is also taxed by New Jersey. To include in the maximum credit factor the foreign income which was not taxed by New Jersey would be at variance with the provisions of section (a) and would reach the absurd result of having New Jersey grant a credit against its tax on New Jersey income on the basis that a resident taxpayer had paid a tax to a foreign jurisdiction on income which was not taxable in New Jersey.
In statutory construction it is important that legislative policy considerations be kept in mind. Clay v. East Orange, 177 N.J.Super. 79, 424 A.2d 1199 (Law Div.1980), aff’d 181 N.J.Super. 40, 436 A.2d 553 (App.Div.1981), aff’d 91 N.J. 429 (1982). Further, it is the proper function, indeed the obligation, of the judiciary, to give effect to the obvious purpose of the Legislature, and to that end, “words used may be expanded or limited according to the manifest reason and obvious purposes of the law. The spirit of the legislative direction prevails over the literal sense of the terms.” New Capital Bar & Grill Corp. v. Div. of Employment Security, 25 N.J. 155, 160, 135 A.2d 465 (1957); Wright v. Vogt, 7 N.J. 1, 6, 80 A.2d 108 (1951); Glick v. Trustees of Free Public Library, 2 N.J. 579, 584, 67 A.2d 463 (1949).
Consistent with the above, the applicable regulation has construed the maximum credit statute to require the numerator to be composed of the amount which is subject to tax by both the foreign jurisdiction and New Jersey. N.J.A.C. 18:35-1.12(9)4i. reads as follows:
For purposes of determining the percentage ... for limitation of the tax credit:
i. Income subject to tax by the other jurisdiction means those categories of income which are taxed by another jurisdiction before the allowance for *629 personal exemptions and standard and/or other itemized deductions and which are also subject to tax under the New Jersey Gross Income Tax Act.
The regulation was specifically upheld in Ambrose v. Director, Div. of Taxation, 198 N.J.Super. 546, 487 A.2d 1274 (App.Div. 1985), against an attack that the statute did not prohibit alimony and Keogh plan contributions, which are offsets to taxable income in New York, from being included in the numerator portion of the factor for purposes of computing the maximum credit. In approving the regulation, the court stated:
[W]e note that administrative regulations “must be accorded a presumption of reasonableness.” It has been said that “[ajdministrative rules and regulations have in their support the rebuttable presumption of validity if they come within the ambit of delegated authority.” Unless such regulations are clearly ultra vires on their face, “the party attacking them has the burden of proving their invalidity.” [at 551, 487 A.2d 1274; citations omitted]
The regulation recognized the need to reflect a credit confined to a foreign tax on the same income which was taxable by New Jersey. To permit the total taxable New York income to be used as the numerator of the factor for the credit when the denominator did not include a portion of such income in taxable GIT would grant a credit for taxes paid on New York income, which income was not used in the GIT base. The regulation leaves no doubt that the income subject to tax in the foreign jurisdiction must also be subject to tax in New Jersey.
Since both judicial construction and the regulation support the Director’s exclusion of the two items of partnership income from the numerator of the factor limiting the credit for foreign tax payments, such action was appropriate.
Taxpayers also claimed a credit for the tax paid on income taxed by New York City. They claimed such income to be $108,485. Included in that amount was $54,839, which was also included in total income reflected on their New York State income tax return. They erred in using that figure since an additional credit for the New York City tax is unavailable when the income subject to that tax has been taxed by New York State and the New York State tax has exhausted the maximum *630 credit. See discussion in Jenkins v. Taxation Div. Director, 184 N.J.Super. 402, 4 N.J.Tax 127, 446 A.2d 217 (Tax Ct.1982).
The Director, on the basis of the information furnished by the taxpayers, computed the income which was taxed both by New York City and by New Jersey, but not by New York State, as $63,846. That amount was calculated by recognizing that New York State had allowed adjustments which reduced New York State taxable income by that amount. While $63,846 was thus not taxed by New York State, both New York City and New Jersey included it in taxable income. Accordingly, the New York City tax on such income can be used to compute an additional credit against the GIT.
As previously stated, the amount of the allowed credit is based upon the amount of the income tax paid to such foreign jurisdiction, or its political subdivision, with respect to income which is also subject to tax in New Jersey. The actual tax paid to New York City on the $63,846 income was $415. This was arrived at by utilizing the New York City tax rate of .65%. Such amount is allowable as an additional credit against the GIT provided it does not exceed the maximum credit calculated pursuant to N.J.S.A. 54A:4-1(b). That maximum credit is computed by utilizing the $63,846 as the numerator of the factor and the agreed upon figure of $186,246 total income subject to tax by New Jersey as the denominator. Applying such factor to the GIT amount of $5,799 results in a maximum allowable credit of $1,981. Since this is greater than the actual New York City tax on the $63,846, the actual tax of $415 is the amount of the credit. The Director allowed such credit of $415.
The adjustments to the claimed resident credit for taxes paid to New York State and New York City, as redetermined by the Director, are sustained.
A judgment will be entered affirming the deficiency in the total amount of $2,422.37.

The $1 difference in the total of the two adjustments and the adjustment to the numerator, is unexplained but is considered de minimus.