DOUGHERTY, J.T.C.
The matter is before the court on cross motions for summary judgment. The motions are ripe, there being no facts in dispute which are material to the court’s determination of the issues of law. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 110 A.2d 24 (1954). By agreement and request of the parties the matter is submitted for decision on the papers. Plaintiffs, H. *407 Barry Berlin and Susan C. Berlin, husband and wife, are hereinafter referred to as the “taxpayers.” Defendant, the Director of the Division of Taxation, is hereinafter referred to as the “director.”
The issue for decision is: in calculating the amount of credit allowed pursuant to N.J.S.A 54A:4-1, to a resident taxpayer for income tax imposed by the State of North Carolina, is taxpayer entitled to an increase in the amount of income subject to tax by North Carolina for a loss sustained within the taxable year, where such loss is disallowed by N.J.SA 54A:5-2 but allowed by North Carolina law. For the reasons stated below, it is held taxpayer is not entitled to such increase.

Facts

In tax year 1986 taxpayers, residents of New Jersey, had items of income in each of the States of New Jersey, New York and North Carolina. Taxpayers paid income taxes to each state and reported all of the income on a 1986 New Jersey gross income tax resident return. Taxpayers claimed a credit against the New Jersey gross income tax for taxes paid to New York City and State and to North Carolina. The director disallowed a portion of each credit. Taxpayers consented to the director’s redetermination of the credit with respect to the New York taxes, but dispute the director’s redetermination of the credit with respect to the North Carolina income tax.
The items of income and deduction reported on taxpayers’ North Carolina return included a gain in the amount of $64,828 arising from the disposition of a parcel of real property and a loss in the amount of $3,451 sustained in tax year 1986 from the taxpayers’ rental activities with respect to such property.[1] Taxpayers’ North Carolina return reflected adjusted gross income of $61,377, derived by netting the rental loss against the gain on disposition of taxpayers’ interest in the rental property. Taxpay *408 ers paid $2,678 in income tax to North Carolina for the 1986 tax year.
In computing their credit for income taxes paid to North Carolina taxpayers excluded the rental property loss allowed by that state, inserting in the numerator of the fraction set out in N.J.S.A 54A:4r-l(b) the full amount of taxpayers’ gain on disposition, or $64,828. The director included the rental property loss in its calculation and inserted $61,377 in its numerator.

Analysis of the Law

N.J.S.A 54A:4-1 provides in pertinent part as follows:
(a) A resident taxpayer shall be allowed a credit against the tax otherwise due under this act for the amount of any income tax ... imposed for the taxable year by another state ... with respect to income which is also subject to tax under this act.
(b) The credit provided under this section shall not exceed the proportion of the tax otherwise due under this act that the amount of the taxpayer’s income subject to tax by the other jurisdiction bears to his entire New Jersey income____
[emphasis added]
Taxpayers argue that the calculation of the allowable credit under N.J.S.A 54A:4-1 is a two-step process, with step one being the calculation of a tentative credit, and step two being the comparison of the tentative credit to the amount of taxes actually paid to the foreign jurisdiction. The allowable 'credit under taxpayers’ approach is the lesser of the two amounts so determined. Taxpayers’ calculation of the numerator described in N.J.S.A 54A:4-l(b) (the “credit ratio numerator”) is based upon the premise that this number will include income actually taxed by both North Carolina and New Jersey.[2] In this regard, taxpayers take the position that “(t)he loss from the rental property is not subject to tax in New Jersey; and therefore ... cannot be included in the ... credit calculation”.[3] Accordingly, taxpayers’ step one formula is as follows:
*409 North Carolina Gross Income Adjusted to Include Items of Income and Deduction Determined in Accordance with N.J. Law Total N.J. Tax Before 54A:4-1 x Tentative Credit = Credit
Entire New Jersey Income Tentative Credit = $5,541.35 x $61,377 + $3,451 179,467
Tentative Credit = $2,002
Taxpayers and the director agree that the denominator of the credit ratio fraction includes taxpayers’ gross income undiminished by either the disallowed rental real estate loss or the taxpayers’ personal exemption allowance. Thus taxpayers and director agree that the denominator equals $179,467.
When the step one result is compared with the amount of income taxes paid to North Carolina, $2,678, a resident tax credit of $2,002 is determined under taxpayers’ analysis.
Director does not disagree that the credit will be the lesser of the numbers derived in taxpayers’ statement of the process, but asserts that the numerator of the fraction set out by taxpayers is wrong since it includes amounts not actually taxed by North Carolina and therefore results in the crediting of taxes not actually paid. In this regard director posits that taxpayers paid tax to North Carolina based on $61,377 of “adjusted gross income”[4] and accordingly, the numerator for purposes of determining taxpayers’ resident tax credit must be limited to the lesser amount, that is, *410 the amount subject to tax by both states. Under the director’s interpretation the N.J.S.A 54:4^1(b) calculation results in the following:
Tentative Credit = $5,541 x $ 61,377
179,467
Tentative Credit = $1,895.
Director’s position is that this amount, being less than the amount of tax actually paid to the foreign jurisdiction, is the resident tax credit available under taxpayers’ facts.
The clear and unambiguous import of N.J.S.A. 54A:4r-l(a) as it applies with respect to the within matter is that a resident taxpayer’s New Jersey income tax for the respective taxable year shall be reduced by (i) the amount of any income (wage) tax imposed by another state (or taxing jurisdiction), (ii) with respect to that layer of income which is subject to tax by both the State of New Jersey and the foreign jurisdiction. N.J.S.A 54A:4-l(b) provides a limitation on the amount of the otherwise allowable credit. This limitation is expressed as a proportion (ratio) of the New Jersey income tax determined before the application of the credit. When read in the context of N.J.SA 54A:4-l(a), as is the manifest intent of the provision, the limitation (ie., the “credit ratio” above) may be set out as follows:
Total N.J. Income Subject to Tax Tctx Before By Both N.J. and the Allowable Credit = 54A:4-1 x Foreign Jurisdiction
Credit Entire Income Subject To N.J. Tax
Stiber v. Taxation Div. Director, 9 N.J.Tax 623 (Tax 1988).
In Stiber, the court examined the effect on the numerator of the credit ratio fraction of two deductions allowed under New Jersey law but disallowed under New York law. The taxpayer in Stiber argued that New York law should control the calculation of the *411 credit ratio numerator and accordingly included in its numerator the full amount of income taxed by the State of New York, without regard to the allowable New Jersey deductions. The director there adjusted the numerator of the fraction used to determine the Stiber taxpayer’s credit ratio to reflect the lower number, taking into account the deductions allowed under New Jersey law. Judge Hopkins held that N.J.SA 54A:4-l(b)
[M]ust be read in conjunction with section (a). Section (a) clearly restricts the credit to foreign taxed income which is also taxed by New Jersey. To include in the maximum credit factor the foreign income which was not taxed by New Jersey would be at variance with the provisions of section (a) and would reach the absurd result of having New Jersey grant a eredit against its tax on New Jersey income on the basis that a resident taxpayer had paid a tax to a foreign jurisdiction on income which was not taxable in New Jersey.
[Id. at 628]
The within matter is merely the other side of the Stiber coin. To include the foreign income in the numerator of the credit ratio fraction would result in New Jersey granting an unjustified credit since the income was not taxed by North Carolina. Such inclusion under the within facts would, in effect, permit an otherwise disallowed deduction. This court agrees with the director that this result is clearly contrary to the plain language of the statute, as well as, the purpose for which it was enacted which was to “minimize or avoid double taxation” of income by the several states. Nielsen v. Taxation Div. Director, 4 N.J.Tax 438, 442 (Tax 1982); Jenkins v. Taxation Div. Director, 184 N.J.Super. 402, 408, 4 N.J.Tax 127, 133, 446 A.2d 217 (Tax 1982), Sorenson v. Taxation Div. Director, 184 N.J.Super. 393, 398, 2 N.J.Tax 470, 475, 446 A.2d 213 (Tax 1981).
The taxpayers in the subject matter are merely denied a deduction by N.J.SA 54A:5-2, which was allowed by North Carolina. The calculation of income subject to tax by both jurisdictions must take into account the deductions allowed by either (or both) jurisdictions.[5] When N.J.S.A 54A:4-1(b)’s “income sub *412 ject to tax by the other jurisdiction” is read with N.J.S.A 54A:4-1(a)’s “with respect to income which is also subject to tax under this act,” this conclusion is inescapable.
For the reasons set out above, the director’s cross motion for summary judgment is granted and taxpayers’ motion for summary judgment is denied. Judgment will be entered affirming the determination of the director.

I.e., the excess of allowable deductions under North Carolina law with respect to taxpayers’ rental activity over the gross rental income therefrom.

 Taxpayers’ reply letter brief dated July 31, 1993, at page 2, quoting the director’s letter brief dated July 26, 1993.

 Taxpayers' reply letter brief dated July 31, 1993, at page 2.

 "Adjusted gross income” is a federal tax term defined in general for individuals as "gross income” less allowable deductions for certain expenses incurred in trade or business activities, certain non-reimbursed employee business expenses, certain expenses attributable to rents and royalties, alimony paid, et cetera. I.R.C. § 62 (1986). This term refers to income so adjusted but prior to the allowable deductions for personal and dependency exemption amounts and itemized or standard deductions. The term has similar meaning under North Carolina law and might be used to describe the numerator amount under N.J.S.A. 54A:4-l(b).

 See NJ.A.C. 18:35-1.12(a)(6) example 1 where taxpayer was allowed a deduction under New York law with respect to an item of capital gain. Notwith *412 standing that such deduction was not permitted under New Jersey law, the numerator of the credit ratio fraction was calculated after giving effect to the New York deduction.