DOUGHERTY, J.T.C.
The above matter is before the court on cross motions for summary judgment. Summary judgment is appropriate here as there are no genuine issues of material fact requiring disposition at a trial. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 110 A.2d 24 (1954). For the reasons which follow, the Director’s cross-motion is granted.
For tax year 1988, Leonard I. and Janet B. Kanarek (Taxpayer) claimed a credit against their tax liability under the Gross Income Tax Act (N.J.S.A. 54A:1-1 to :10 — 12) (the Act) for a portion of the income taxes paid by them to the City[1] and State of New York. The Director of the Division of Taxation (the Director) reduced the credit claimed, which resulted in the assessment of a $408.71 tax deficiency. Taxpayer contests the Director’s redetermination challenging whether $13,914 of net gain from partnership activities, which was taxed by the foreign jurisdictions but completely offset by allowable partnership loss deductions in New Jersey, should be included in the numerator of the credit limitation computation set out in N.J.S.A 54A:4-l(b).
Among the items of income included on Taxpayer’s 1988 New York return were Taxpayer’s distributive share of partnership capital gain ($17,450) and (as per the parties’ Stipulation) its distributive share of partnership capital loss ($3536). On Taxpayer’s 1988 New Jersey return the $17,450 share of partnership capital gain was treated as income from partnership businesses *578 and, therefore, included in Taxpayers’ income category “Distributive share of partnership income” pursuant to N.J.S.A 54A:5-lk. The $3,536 loss allowed by New York State was likewise used to compute the income category “Distributive share of partnership income.” For New Jersey tax purposes, the $17,450 capital gain was completely offset by Taxpayers’ distributive share of the business losses of other partnerships, with the result that none of this capital gain was included in Taxpayers’ New Jersey income category “Distributive share of partnership income.”
• The computation of the credit for taxes paid to a foreign jurisdiction is set out in N.J.S.A. 54A:4-1, which provides in part:
(a) A resident taxpayer shall be allowed a credit against the tax otherwise due under this act for the amount of any income tax ... imposed for the taxable year by another state of the United States ... with respect to income which is also subject to tax under this act____
(b) The credit provided under this section shall not exceed the proportion of the tax otherwise due under this act that the amount of the taxpayer’s income subject to tax by the other jurisdiction bears to this entire New Jersey income.
N.J.A.C. 18:35-1.12[2] describes the layer of income to which the credit applies to be:
(a)(4)(i) Income subject to tax by the other jurisdiction means those categories of „ income which are taxed by another jurisdiction before the allowance for personal exemptions and standard and/or other itemized deductions and which are also subject to tax under the New Jersey Gross Income Tax Act [obviously, before the allowance for personal exemptions],
[(emphasis added).]
Taxpayer calculated its 1988 resident credit by including in the fraction numerator the $13,914 of excess partnership gain which was included on the New York return and formed a part of its New York taxable income.
The Director contended that since no part of the $13,914 ($17,450 less $3,536) New York partnership gain was taxed by *579 New Jersey, no part of this amount may be included in the numerator. For the reasons which follow, I agree with this conclusion.
Taxpayer says that the critical inquiry for inclusion in the credit numerator under N.J.S.A. 54A:4-1 is whether the income is “subject” to tax by New Jersey, not whether the income is actually taxed. It contends that if an item of income, otherwise within reach of New Jersey taxation, is not actually taxed because it is offset by an item of deduction in the same category, (such as Taxpayer’s distributive share of income, gains, deductions and losses from its various partnership interests) the income item does not lose its character as being “income subject to tax” in New Jersey, and, to the extent the same item is taxable in the foreign jurisdiction, should be included in the numerator of the credit fraction.
Taxpayer argues that “subject to tax”, not being defined by statute, must be afforded its ordinary, plain and generally accepted meaning. See In re Schedule of Rates for Barnert Memorial Hospital, 92 N.J. 31, 455 A.2d 469 (1983); Levin v. Township of Parsippany-Troy Hills, 82 N.J. 174, 411 A.2d 704 (1980). In this regard, Taxpayer refers us to Webster’s New Collegiate Dictionary definition of “subject” (when used as a verb) as:
1 a: to bring under control or dominion: subjugate b: to make (as oneself) amenable to the discipline and control of a superior 2a: to make liable: predispose b: to make accountable 3 to cause to undergo or submit to
[Webster’s New Collegiate Dictionary 1150 (1979).]
Taxpayer contends that the $13,914 of Partnership income was under the influence, dominion and control of New Jersey pursuant to the provisions of the Act, and, as such, was “subject to tax”.
In further support of this contention, Taxpayer claims that on a consistent basis, the Director’s own regulations (N.J.A.C. 18:35-11.12) provide that income need only be “subject to tax” (not “actually” taxed) by New Jersey to be included in the numerator, notwithstanding that, income “subject to tax” by a foreign jurisdiction, must actually be “taxed” — that is, foreign taxes must be “imposed” and “paid”. In effect, Taxpayer would have us ignore *580 the allowable partnership losses, presumably as not being “subject to tax”.
Finally, Taxpayer argues that whereas “subject to tax” as it pertains to the foreign jurisdiction is a defined term, See N.J.A.C. 18:35-1.12(a)(4)(i), neither the statute nor any of the regulations issued thereunder, provide a definition of “subject to tax” with respect to New Jersey numerator income.
The purpose of the resident credit is the amelioration of multiple taxation of the same income. Sorensen v. Director, Div. of Taxation, 184 N.J. Super. 393, 398, 2 N.J.Tax 470, 475, 446 A.2d 213 (Tax 1981); Jenkins v. Director, Div. of Taxation, 184 N.J.Super. 402, 408, 4 N.J.Tax 127, 133, 446 A.2d 217 (Tax 1982).[3] The State of New Jersey yields, under N.J.S.A. 54A:4r-l, to the foreign jurisdiction by granting a credit against its own tax for taxes paid by a New Jersey resident to the foreign jurisdiction on foreign source income. In effect, the income tax liability owed by a resident taxpayer to the foreign jurisdiction is treated as a “down-payment” on the taxpayer’s New Jersey income tax liability. The credit resulting under N.J.S.A. 54A:4-1 represents tax which the resident taxpayer would otherwise have paid to New Jersey which is attributable to the inclusion in the taxpayer’s New Jersey taxable income of the taxpayer’s layer of income subject to multiple tax.
In Stiber v. Director, Division of Taxation, 9 N.J.Tax 623 (Tax Ct.1988) New York law required the taxpayer to calculate partnership income using a less accelerated depreciation method than that permitted for New Jersey Gross Income Tax purposes. In addition, certain partnership losses allowed under the New Jersey Act were not allowed by New York. As a result, the Stiber taxpayer’s *581 partnership income actually taxed[4] by New Jersey was less than the amount actually taxed by New York. The court allowed only that portion which was actually taxed by both New York and New Jersey to be included in the numerator. Stiber, supra; see also Ambrose v. Director, Div. of Taxation, 198 N.J.Super. 546, 487 A.2d 1274 (App.Div.1985). Taxpayer challenges Stiber, arguing that its conclusion contradicts that court’s own discussion of N.J.S.A. 54A:4-l(a) and is inconsistent with both N.J.AC. 18:35-1.12(a)(4)(i), and the Appellate Division’s holding in Ambrose, supra. We reject these arguments.
The Stiber court, obviously recognizing that a literal interpretation of the language of N.J.S. A. 54A:4-1 could lead to the inclusion in the numerator of the entirety of the taxpayer’s income actually taxed by the foreign jurisdiction (regardless of whether it was so taxed in New Jersey), emphasized that:
[N.J.S.A. 54A-.4-1] section (b) must be read in conjunction with section (a). Section (a) clearly restricts the credit to foreign taxed income which is also taxed by New Jersey. To include in the maximum credit factor the foreign income which was not taxed by New Jersey would be at variance with provisions of section (a) and would reach the absurd result of having New Jersey grant a credit against its tax on New Jersey income on the basis that a resident taxpayer had paid a tax to a foreign jurisdiction on income which was not taxable in New Jersey.
[Jd. at 628.][5]
In advancing its arguments Taxpayer relies on the Appellate Division’s conclusion that the phrase “income subject to tax” (as defined in N.J.AC. 18:35 — 1.12(a)(4)(i)) “can logically refer to two different things when applied to New York and New Jersey.” Ambrose, supra, 198 N.J.Super. at 552, 487 A.2d 1274 (citing Sorensen, supra, 184 N.J.Super. at 399, 2 N.J.Tax at 476, 446 A.2d 213).
Ambrose analyzed the foreign income component of the numerator vis-a-vis the entire New Jersey income component of *582 the denominator which is simply not the issue in this case. While an error in the denominator might lead to a mistake in the calculation of Taxpayer’s allowable credit, there is neither such argument nor mistake here. The limitation of N.J.S.A. 54A:4-l(b) prevents an intrusion upon New Jersey’s tax of New Jersey source income where, as in the within matters, the rate of tax imposed by the foreign jurisdiction exceeds the rate imposed by New Jersey. Nielsen v. Director, Div. of Taxation, 4 N.J.Tax 438 (Tax 1982). The fraction described under N.J.S.A. 54:4-l(b) requires the comparison of quantities of income determined by the same standard in both the foreign jurisdiction(s) and the State of New Jersey. That standard requires, in general, an adjustment to Taxpayer’s “taxable income” in each jurisdiction, by adding back allowable deductions for personal exemptions and a standard and/or other itemized deductions. The New Jersey taxable income so adjusted is the denominator. The numerator is carved out of the denominator and equals that portion thereof which is also included in the taxpayer’s taxable income as determined under the laws of the foreign jurisdiction and adjusted by adding back any deductions allowed, as stated above, for a standard and/or itemized deductions and for personal and dependency exemptions. Under this analysis Taxpayer’s recognized and allowable partnership losses would, of course, diminish the numerator as well as the denominator.
The taxpayer in Berlin v. Director, Div. of Taxation, 13 N.J.Tax 405 (Tax Ct.1993), argued for inclusion in the numerator of income not taxed by the foreign jurisdiction but taxed by New Jersey. Taxpayer here says that Berlin does not support the Director’s position as Berlin did not address the tax treatment of the New Jersey income component of the numerator; however, this court’s holding that the “calculation of income subject to tax by both jurisdictions must take into account the deductions allowed by either (or both) jurisdictions” is clearly consistent with the Director’s conclusion in the instant case. Id. at . 411. The inclusion in the numerator of income not actually taxed by New Jersey would have the effect of providing a credit for taxes never *583 due or payable, clearly in contravention of the legislative purpose for the credit provision.
We hold that the numerator of the resident credit fraction equals that portion of the Taxpayer’s New Jersey taxable income, adjusted by the addition back of any allowable deductions for personal exemptions, standard and/or other itemized deductions, which is also included in the taxpayer’s foreign taxable income, adjusted by the addition back of the same described items of deduction as may be allowed by the foreign jurisdiction. Income “subject to tax” under the Act, as that term is used in N.J.S.A. 54A:4-1, therefore encompasses (to state it in other words) only income actually taxed by the Act. In the present matter, Taxpayer’s $13,914 partnership gain never entered the computation of New- Jersey taxable income. Accordingly, that income was properly excluded by the Director for purposes of calculation of the resident credit fraction numerator.
Judgment will be entered affirming the determination of the Director.

 The resident credit for tax of another state provided by NJ.S.A. 54A:4-1 is available for tax imposed on income by a city in another state. However, if such income has been taxed by the other state and the state has exhausted the maximum credit allowed, the credit is no longer available for the city taxes paid. Stiber v. Director, Div. of Taxation, 9 N.J.Tax 623 (1988).

 This regulation is a valid exercise of the Director’s rule making authority provided by N.J.S.A. 54A:9-17. This statute reads in pertinent part:
(a) General. The director shall administer and enforce the tax imposed by this act and is authorized to make such rules and regulations, and to require such facts and information to be reported as he may deem necessary to enforce the provisions of this act....

 In Jenkins, the Court said: "(w)e conclude that the intent of the [Gross Income Tax] act is to avoid double [multiple] taxation of foreign income by relinquishing all or part of the New Jersey tax on the foreign income, but not [] relinquishing] New Jersey tax on income earned in New Jersey." Jenkins, supra, 184 N.J.Super. at 409, 4 N.J.Tax 127, 446 A.2d 217.

 We use the phrase "actually taxed" to refer to income included in the computation of taxable income before the deductions for standard and/or itemized deductions and personal and dependency exemptions.

 See, NJ.A.C. 18:35-1.12(a)6(iii), Example 3.