TAX COURT OF NEW JERSEY



**Kathi F. Fiamingo**
**Judge**

**120 High Street**
**Mount Holly, NJ 08060**
**Tel: (609) 288-9500 EXT 38303**

NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

June 19, 2019

Russell K. Stewart
800 N. Kings Highway, Ste 201
Cherry Hill, NJ 08034

Miles Eckardt
Deputy Attorney General
Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street
Trenton, New Jersey 08625-0106

> Re:  Michelle G. Darcey v. Director, Division of Taxation
>       Docket No. 001480-2018

Dear Counsel:

This letter constitutes the court's opinion with respect to the motion for summary judgment filed by the Director, Division of Taxation ("Director") to dismiss Michelle G. Darcey's ("plaintiff") complaint. The court finds that the plaintiff failed to include in her income subject to New Jersey Gross Income Tax for 2013 all of the wages reported to her from her employer for that year. The court also finds that plaintiff is not entitled to a credit for taxes alleged to have been paid to the State of Pennsylvania in a prior taxable year on income paid to her in a later taxable year when she was a resident of New Jersey.

Thus for the reasons hereinafter detailed the court grants the Director's motion for summary judgment and dismisses the complaint of plaintiff.

*

**A.**     **Findings of Fact[1] and Procedural History**

In 2003 and 2004, plaintiff lived and worked in Pennsylvania. During those years, pursuant to an agreement with her employer, she had compensation deferred to future years. A portion of the compensation deferred in 2003 and 2004 was subject to tax by the State of Pennsylvania and the City of Philadelphia in those years.

In 2013, plaintiff, then a resident of New Jersey, received a NJ Form W-2 from her employer reporting $1,139,399.12 as N.J. wages, tips, etc. Although plaintiff reported $1,136,961 as wages on her U.S. individual income tax return for 2013 she reported only $999,024 in wages on her 2013 New Jersey Gross Income Tax Return.

Plaintiff's 2013 NJ Gross Income Tax Return was audited and on October 5, 2017 a Notice of Deficiency ("NOD") finding a tax deficiency in the amount of $15,681 was issued. The NOD stated that the wages should have been reported as $1,139,399 and stated that "[a]ll wages, regardless of where they are earned are subject to NJ Gross Income Tax." (emphasis in original).

The NOD further noted that "Employee *contributions* to a 401(k) plan are deductible from wages." Further, the NOD stated "Contributions are to only be taxed once; and upon the distribution of any plan, if one is to pay taxes on it, he/she should deduct the contribution amounts that were already taxed."

The NOD further noted that,

> Similar to the court ruling of[,] Estate of Tina Guzzardi v. Director, Division of Taxation (Dec 1995), the income that was previously taxed by Pennsylvania cannot be deducted from the income earned in the current tax year for New Jersey. Also, no credit is available for the taxes paid from 2003 & 2004 since they did not take place in the same taxable year.

---

[1] The following facts are based on the respective statements of Material Facts submitted by the parties to the extent those facts are admitted for the purposes of this motion.

On December 5, 2017, plaintiff submitted a written protest to the NOD.[2] Before the Director could respond to the protest, plaintiff paid the contested tax and on February 27, 2018 filed the instant complaint in the Tax Court. On April 30, 2018, the Director filed an answer and on April 30, 2019 filed the instant motion seeking summary judgment and dismissal of plaintiff's complaint. On May 16, 2019, plaintiff submitted opposition to the motion. The Director submitted a reply on June 14, 2019.

## B. Discussion

### 1. Summary Judgment

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact challenged and the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). In Brill v. Guardian Life Insurance Company, 142 N.J. 520 (1995), the New Jersey Supreme Court established the standard for summary judgment:

> [W]hen deciding a motion for summary judgement under Rule 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.
>
> [Brill v. Guardian Life Ins. Co., 142 N.J. at 523.]

The trial court's "function is not . . . to weigh the evidence and determine the truth . . . but to determine whether there is a genuine issue for trial." Id., at 540 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). The trial judge must consider "whether the competent

---

[2] The Director notes that the protest letter contained a faulty mailing address, as a result of which receipt was delayed until February 20, 2018. A memorandum issued by the Conference and Appeals Branch conceded the timeliness of the protest, notwithstanding its untimely receipt.

evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational fact finder to resolve the alleged disputed issue in favor of the non-moving party." Ibid. When the facts present "a single, unavoidable resolution" and the evidence "is so one-sided that one party must prevail as a matter of law," then a trial court should grant summary judgment. Ibid.

> If a motion is based on facts not appearing of record or not judicially noticeable, the court may hear it on affidavits made on personal knowledge, setting forth only facts which are admissible in evidence to which the affiant is competent to testify and which may have annexed thereto certified copies of all papers or parts thereof referred to therein.
> [R. 1:6-6]

All material facts submitted by the movant which are sufficiently supported are to be deemed admitted unless the other party specifically disputes such facts. See R. 4:46-2(b).

"The party defending against a motion for summary judgment cannot defeat the motion unless it provides specific facts that show the case presents a genuine issue of material fact, such that a jury might return a verdict in its favor." School Alliance Ins. Fund v. Fama Constr. Co., 353 N.J. Super. 131, 135-136 (Law Div. 2001) (citing Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986)). Here there is no dispute as to the facts. Thus the matter is ripe for summary judgment.

2. Legal Standard

"The settled rule is that there is a presumption that an assessment made by the proper authority is correct and the burden of proof is on the taxpayer to show otherwise." Aetna Life Ins. Co. v. Newark, 10 N.J. 99, 105 (1952); Atlantic City Transp. Co. v. Dir., Div. of Taxation, 12 N.J. 130, 146 (1953). "Courts have recognized the Director's expertise in the highly specialized and technical area of taxation." Aetna Burglar & Fire Alarm Co. v. Director, Div. of Taxation, 16 N.J.

4

Tax 584, 589 (Tax 1997) (citing Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 327 (1984)). "Generally, courts accord substantial deference to the interpretation an agency gives to a statute that the agency is charged with enforcing." GE Solid State, Inc. v. Director, Div. of Taxation, 132 N.J. 298, 306 (1993). Taxation's "interpretation will prevail as long as it is not plainly unreasonable." Koch v. Dir., Div. of Taxation, 157 N.J. 1, 8 (1999) (citation and internal quotation marks omitted). "[A]n administrative agency may not, under the guise of interpretation, extend a statute to give it a greater effect than its language permits" GE Solid State, Inc. v. Dir., Div. of Taxation, 132 N.J. at 306.

3. Gross Income Tax Act and Resident Credit

N.J.S.A. 54A:2-1 imposes a tax on the gross income of every resident of the State of New Jersey. Generally, the Gross Income Tax ("GIT") applies to all income received, and domicile or residence will provide a sufficient basis for the imposition of the tax on income received. N.J.S.A. 54A: 5-1; See Guzzardi, Estate of, v. Director, Div. of Taxation, 15 N.J. Tax 395 (Tax 1995) aff'd 16 N.J. Tax 374 (App. Div. 1996). N.J.S.A. 54A:5-1 enumerates categories of income properly included in an individual's taxable gross income and includes salaries, wages, tips, fees commissions, bonuses, and other remuneration received in exchange for services rendered. "Under the clear and explicit provisions of subsection (a), any employed taxpayer is taxable on the full amount of the compensation received from his employment, whether it is in the form of a salary or commissions or otherwise." Domenick v. Director, Division of Taxation, 176 N.J. Super. 121, 128 (App. Div. 1980). Just as clearly, N.J.S.A. 54A:5-1(j) includes in taxable gross income "[a]mounts distributed from an employee trust attributable to contributions to the trust which were excluded from gross income under the provisions of chapter 6 of Title 54A of the New Jersey

Statutes, . . . and pensions and annuities except to the extent of exclusions in N.J.S.A. 54:6-10 hereunder. . ."

> When examined as a whole, the GIT Act establishes a tax on New Jersey gross income reduced only by deductions, exemptions and credits expressly recognized by the Legislature. Vinnik, supra, 12 N.J. Tax at 453-54. Thus, "[t]axation is the rule and exemption is the exception to the rule[,][and][t]he legislative design to release one from his just proportion of the public burden [must] be expressed in clear and unequivocal terms." AT & T Co. v. Director, Div. of Taxation, 13 N.J. Tax 534, 543 (Tax 1993); see also Princeton University Press v. Borough of Princeton, 35 N.J. 209, 214, 172 A.2d 420 (1961). To the extent that plaintiffs seek to establish a deduction from taxable gross income, they have the burden of establishing a clear statutory basis therefor. See Amerada Hess Corp. v. Director, Div. of Taxation, 107 N.J. 307, 319-20, 526 A.2d 1029 (1987), aff'd, 490 U.S. 66, 109 S. Ct. 1617, 104 L. Ed. 2d 58 (1989); Metpath, Inc. v. Director, Div. of Taxation, 96 N.J. 147, 153, 474 A.2d 1065 (1984); Princeton University Press, supra, 35 N.J. at 214, 172 A.2d 420.
>
> Reck v. Dir., Div. of Taxation, 345 N.J. Super. 443, 449 (App. Div. 2001)

Plaintiff has provided nothing to this court demonstrating her entitlement to an exemption from tax or deduction from income. Although plaintiff maintains, and the Director concedes, that a portion of the income paid to her by her employer in 2013 was previously taxed by the State of Pennsylvania, plaintiff provides no support for her claim that she is entitled to any exemption for such previously taxed income, or a deduction from her current gross income for such amounts.

Plaintiff argues that the amounts taxed in 2003 and 2004 were paid to her pursuant to the provisions of the Ryan Beck & Co., Inc. New Voluntary Deferred Compensation Plan (the "Plan"). The Director notes that the Plan was not made effective until 2005, after the compensation at issue was deferred and that the income could not have been deferred pursuant to that Plan. Nonetheless

6

the Director argues that whether or not the deferred compensation was paid to plaintiff pursuant to the Plan provisions, the inclusion in taxable income in the year paid was the proper treatment.

Specifically the Plan by its terms is a non-qualified deferred compensation plan intended to comply with the provisions of Internal Revenue Code 409A. Generally, under that provision of the Internal Revenue Code compensation deferred under an Section 409A plan is not taxable when the election to defer is made, but is taxable when the compensation is actually received or is no longer subject to a substantial risk of forfeiture. Thus, to the extent any of the income deferred in 2003 and 2004 was paid pursuant to the Plan in 2013, it was taxed to plaintiff for federal income tax purposes in the year paid. As a result, such income is also subject to New Jersey gross income tax in the year of receipt. "The New Jersey Gross Income Tax Act requires use of federal accounting methods in reporting income. N.J.S.A. 54A:8-3(c) provides that '[A] taxpayer's accounting method under this act shall be the same as his accounting method for federal income tax purposes.' Smoyer v. Taxation Div. Dir., 4 N.J. Tax 42, 46 (1982). Thus, assuming that any amounts paid to plaintiff represented income payable under the Plan, or its predecessor, New Jersey law requires that it be included in income in the year paid, in this case 2013.

Plaintiff further argues that deferred income once taxed by the State of Pennsylvania, became "an asset assigned for the retirement benefit of the employee under applicable state law. It is thus a capital asset with a basis equal to its reported taxable value." Plaintiff did not provide the applicable state law and the court is unaware of any such law. Under New Jersey law, "the basis of property shall be the adjusted basis used for federal income tax purposes, except as expressly provided for under [the New Jersey Gross Income Tax Act]." N.J.S.A. 54A:5-1(c). The evidence submitted demonstrates that plaintiff reported on her federal income tax return all of the income reported on her 2013 W-2, without reduction for basis. Thus, there is nothing in the record

7

to support plaintiff's contention that she acquired a basis in the deferred income so that it was not subject to tax upon distribution. The court is unaware of any state or federal law which would support such a position.

Nor has plaintiff provided any support for any other exclusion of the income from her taxable gross income. Thus the Director has demonstrated that there is no genuine issue of material fact that all of the income at issue was includable in plaintiff's 2013 gross income tax return.

There is also no genuine dispute that plaintiff is entitled to a credit against tax.[3] N.J.S.A. 54A:4-1(a) provides, in pertinent part, that a resident taxpayer shall be allowed a credit against the tax otherwise due … for the amount of any income tax … imposed for the taxable year by another state of the United States or political subdivision of such state… with respect to income which is also subject to tax" in New Jersey. "The design of the statute obviously is to avoid taxation of the same income by more than one state." Sorensen v. Director, Division of Taxation, 2 N.J. Tax 470, 475 (Tax 1981). "The purpose of the resident income tax credit is to minimize or avoid double taxation of New Jersey residents' gross income that is also subject to tax *in the same year* in another state. Ambrose v. Director, Div. of Taxation, 198 N.J. Super. 546, 552, 487 A.2d 1274 (App.Div.1985)." Sutkowski v. Dir., Div. of Taxation, 312 N.J. Super. 465, 470 (App. Div. 1998). (Emphasis supplied).

Neither the federal nor the state constitutions require an income tax credit for income taxed by a foreign jurisdiction. See Laurite v. Director, Division of Taxation, 12 N.J. Tax 483, 491 (Tax 1992) add'd per curium o.b., 14 N.J. Tax 166 (App.Div.1993), certif. denied, 135 N.J. 301 (1994). A credit "is a matter of grace and a state may impose conditions on its application. The New Jersey

---

[3] Although plaintiff does not argue for a credit against the tax, the court will nonetheless address this issue.

8

Legislature has expressly imposed conditions on the calculation of the credit for out-of-state tax paid and has limited entitlement to credit to income taxed by another state *in the same tax year*." Ibid. (emphasis added);

In Guzzardi, Estate of, v. Director, Div. of Taxation, 15 N.J. Tax 395 (Tax 1995), aff'd 16 N.J. Tax 374 (App. Div. 1996) the taxpayer, while a resident of Pennsylvania, sold real property and received in return cash and notes to be paid on an installment basis. Pennsylvania taxed the entire gain realized by the taxpayer in 1981, the year of the sale. The taxpayers thereafter relocated to New Jersey. In 1988 the taxpayers recognized income on the sale for federal income tax purposes. The income was found to be taxable for New Jersey Gross Income Tax purposes without reduction for a capital loss carryover allowed for federal income tax purposes. In addition, the court found that the taxpayer was not entitled to a credit against tax for the tax paid on the income to Pennsylvania in a prior year. Id. at 405. Specifically, referencing the Appellate Court's decision in Laurite, 14 N.J. Tax 166, the court found that "the resident credit is available only when double taxation by New Jersey and another state occurs in the same taxable year." Guzzardi, 15 N.J. Tax 405.

For all of the foregoing reasons, the Director's motion for summary judgment is granted. Plaintiff's complaint is dismissed.

Very truly yours,


Kathi F. Fiamingo, J.T.C.

9